[PHILADELPHIA, FEBRUARY, 1833.]

## ¦ BROWN *against* JOHNSON.

### IN ERROR.

On a judgment in an action of covenant by the grantee of a rent charge against the grantor, the whole of the lot out of which it issues may be taken in execution, although a part of it has been sold, *bona fide*, by the grantor, subsequently to the creation of the rent charge, and the vendee of such part has not been made a party to the action as terre tenant.

On a writ of error to the District Court for the city and county of *Philadelphia*, it appeared that this was an ejectment for a lot of ground in the city of *Philadelphia*, brought by the defendant in error, *Eckles Johnson*, against the plaintiff in error, *Edith Brown.*

On the first day of *January*, 1799, *Charles Hurst* granted to *David Eakin*, his heirs and assigns, a lot of ground on *Hurst* street, in the city of *Philadelphia*, containing in front twenty-two feet, and in depth ninety feet, to *Gillis's* alley, reserving thereout a rent charge of twenty-nine dollars and one third of a dollar payable to himself, his heirs and assigns.

On the sixteenth of *April*, 1806, *David Eakin* conveyed to *Pompey Boon*, his heirs and assigns, the front part of the lot, containing twenty-two feet on *Hurst* street, and in depth forty feet, reserving thereout to himself, his heirs and assigns, a rent charge of twenty-nine dollars and one third of a dollar, it being understood and agreed, however, that all the payments which should be made by the said *Pompey Boon* to the person to whom the original rent charge should be payable, should be considered as paid to the said *David.*

*Pompey Boon* died, and his widow, the defendant below, with his children, asserted title to that part of the lot which had been conveyed to him subject to the said rent charge, which by sundry mesne conveyances became vested in *Rebecca Robins*, who instituted an action of covenant against *Hannah Eakin*, the executrix of *David Eakin*, to recover the arrearages of the rent, and judgment was entered by consent on the 29th of *November*, 1821, in favour of the plaintiff. A *fieri facias* issued on this judgment, and was levied on the entire lot; and on a *venditioni exponas* subsequently issued, *Isaiah Eakin* became the purchaser, and received from the sheriff a deed for the whole of the premises. On a subsequent judgment obtained by *John Wilson* against *Isaiah Eakin*, the premises were again exposed to public sale and purchased by the present plaintiff.

On the trial of the issue in the District Court, a special verdict was found, setting forth the facts above stated, on which the court, after hearing counsel, gave judgment for the plaintiff.

The following errors were assigned in this court :

The judges of the District Court erred in ordering judgment to be entered for the plaintiff on the special verdict found by the jury—

1st, Because they have thereby decided that a judgment obtained in an action against *A.,* will bind land of *B.,* a stranger to the action.

2nd, Because they have thereby decided, that a judgment obtained against the executor of a grantor of a ground rent on the covenants contained in the deed, shall bind lands *bona fide* sold and assigned long before the action of covenant was brought, and to which action the assignee was neither a party nor privy.

*Hopkins* for the plaintiff in error, cited 2 *Tidd's Pr.* 963. 2 *Ba. Ab-* 72. 93. 3 *Com.* 271.

*Newcombe* for the defendant in error, cited *Bantleon* v. *Smith,* 2 *Binn.* 146. *Nace* v. *Hollenbach,* 1 *Serg. &. Rawle,* 540.

The opinion of the court was delivered by

Gibson, C. J.—The plaintiff claims as a purchaser at a sheriff's sale under a judgment on a covenant to secure the payment of a rent charge, and the defendant claims a part of the premises as a purchaser from the covenantor. The deed by which the charge was created, contains not only a covenant to pay, but the usual clauses of distress and re-entry; so that the premises were clearly chargeable in a proceeding directly against them, and the principal question is, whether the same effect may be produced by proceeding against the person. Whatever may be the common law incidents peculiar to the mode of proceeding where there are distinct remedies against the person and the land, it is certain that we have attached them rather to the right than the remedy. Thus in *M'Call* v. *Lenox,* 9 *Serg. &. Rawle,* 302, the lien of a judgment on a bond and warrant accompanied with a mortgage, was carried back to the date of the latter, so as to exclude the title of a lessee of the mortgagor prior to the judgment but subsequent to the mortgage: yet the lien of a judgment, *as such,* is commensurate with but the period of its actual entry. But in *Bantleon* v. *Smith,* 2 *Binney,* 151, the point before us was directly ruled, the plaintiff being suffered to take out of court the amount of his judgment on the covenant, in preference to prior judgment creditors: and this could be done only by subjecting the premises to the charge of the quit rent as a lien, without regard to the nature of the proceeding against the person as a remedy. In the case before us, therefore, the ground landlord was entitled to have execution of the premises in the hands even of an alienee. But it is said this could not be done without making the latter a party as a terre-tenant, to the action against his alienor. A terre-tenant is however not necessarily entitled to notice, as was determined in *Young* v. *Taylor,* 2 *Binney,* 228: in fact, his estate may be sold wherever the judgment creditor may proceed to execution without a *scire facias.* These premises therefore, passed by the sheriff's sale, and were recoverable on the case stated.

Judgment affirmed.