WESTERN DIS
*September*, 1833.

## MUDD *vs.* STILLE'S HEIRS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. LANDRY.

MUDD
*vs.*
STILLE'S
HEIRS.

6L   17
e108 128
108  133

The heir is liable only for his virile share of his ancestor's debt, though an administrator has been appointed, and the acceptance of the succession has been unconditional.

In an action against the administrator of a succession, founded on a claim for the interest stipulated in the intestate's obligation, legal interest will be added, as upon other claims against the estate.

A real tender cannot be made so as to stop interest, unless the legal formalities are pursued: thus, a tender to the plaintiff's attorney at law, is insufficient.

In October, 1823, Margaret C. Stille and Fernando Gayoso, promised to pay Theodore Mudd, or order, the sum of $4,000 in ten years, with ten per centum interest, from the 1st of April until final payment; the interest to be paid annually. On the 18th of January, 1828, the note was endorsed over to the plaintiff. In May, 1829, Madam Stille died, and James Stille was appointed the administrator of her estate.

This action was brought against the administrator to recover four hundred dollars, the conventional interest which had accrued on the principal of the note, from the first of April, 1831, to the first of April, 1832, together with legal interest on that sum, from the first of April, 1832, until final payment.

To this claim the administrator excepted, that he had rendered his account to the heirs of the intestate; that the year of his appointment had expired; that he no longer had the capacity to defend the suit, and that the heirs alone could have been properly sued. He pleaded the general denial; a tender of the amount due, and denied the right of the plaintiff to claim interest on the four hundred dollars.

Afterwards, and previously to the trial, the defendant died, and on his death being suggested on the record, the action

WESTERN DIS
September, 1833.
MUDD
vs.
STILLE'S
HEIRS.
was ordered to be revived against the heirs of Madam Stille. They appeared, denied the debt, and pleaded that in no event could they be liable for more than their virile portions. They denied the plaintiff's right to his claim of interest upon interest.

The judge of probates rendered a judgment condemning the heirs to the payment in solido, of the amount claimed in the petition. The defendants appealed.

MARTIN J., delivered the opinion of the court.

The defendants and appellants complain of the judgment of the Court of Probates, urging that it erroneously charged them, *jointly and severally*, for a debt of their ancestor, and with interest on interest.

On the first point we have most positive legislative provision in our code, that heirs are liable only for the part which they have in the succession. *La. Code* 1376, 2107: and this is the case, even where they have made no inventory, 1374. The plaintiff has referred us to the articles 982, 983, 984, 1332 of the *La. Code*, none of which supports the position he contends for: he, however, contended that a particular circumstance, takes the present case out of the general rule, *i. e.* that an administrator of the estate was appointed, against whom suit was brought, but before its termination he died. Whether the heirs of the administrator be liable for his conduct in the administration, need not be enquired into, for the suit was not revived against the present defendants in that capacity, nor are they charged as such.

The heir is liable only for his virile share of his ancestor's debt, though an administrator has been appointed, and the acceptance of the succession has been unconditional. On the general question whether the heirs' liability is increased by the appointment of an administrator, we are satisfied it is not.

II. As to the second point, the Code of Practice, 989, provides that creditors of estates administered by curators, executors, administrators, &c., shall receive interest from the death of the debtor, if the debt was due at that time, otherwise from the time it falls due. This suit was commenced against an administrator by a creditor.

WESTERN DIS
September, 1833.

MUDD
vs.
STILLE'S
HEIRS.

It is attempted to take the case out of the rule, because suit is brought for one year's interest on a sum due by a contract, in which the interest was stipulated to be paid annually, and it is urged on the opposite side, that interest cannot be stipulated on interest. *La. Code*, 1934. This is true, no such stipulation was made, but according to the stipulation, a suit for a year's interest might be maintained at the end of every year. By the laws of Spain a contract stipulating for interest on interest was prohibited, but if the interest was assumed distinctly from the principal, according to a stipulation authorising it, interest was allowed on such interest. *Curia Phil. Interest*, 29.

It has been contended that interest ought not to have been allowed, because a tender was made to the attorney of the plaintiff. But this tender was not made to the person, nor in the manner prescribed by law, to constitute a real tender, and none other has the effect of stopping the interest. *Code of Practice*, 606, 615.

In an action against the administrator of a succession founded on a claim for the interest stipulated in the intestate's obligation, legal interest will be added, as upon other claims against the estate.

A real tender cannot be made so as to stop interest, unless the legal formalities are pursued: thus a tender to the plaintiff's attorney at law, is insufficient.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and that the plaintiff recover from the defendants in the following proportions, viz: From Ferdinand Gayoso, sixty-eight dollars fifty-seven cents; from Joshua Baker, tutor to Anthony Baker, Margaret Baker and Caroline Baker, eighty-two dollars eighty-five cents; from Caroline Brunson, eighty-two dollars eighty-five cents; from Edward Stille, eighty-two dollars eighty-five cents; and from Joshua Baker, tutor to Saul Stille, eighty-two dollars eighty-five cents, with interest on the respective sums aforesaid, from the 1st April, 1832, until paid, with costs in the court below. Those of appeal to be paid by the plaintiff.