County of Vermilion *v.* Knight.

---

THE COUNTY OF VERMILION, appellant *v.* WILLIAM KNIGHT, appellee.

*Appeal from Vermilion.*

Where the County Commissioners of V. County contracted with K., a physician, to render medical services to a pauper, but neglected to have a record made of such contract, held that the contract might be proved by parol evidence.

It is not necessary for a party who has rendered aid to a person acknowledged as a pauper by the County Commissioners, and at their request, to prove that such person was actually entitled to aid under the laws providing for the support of the poor.

Where a declaration against a county contained two counts, one of which charged that the contract was entered into with the "*Commissioners of said county,*" and the other charged that the contract was entered into with the "*county, by its Commissioners,*" held there was no misjoinder of counts or parties.

The County Commissioners' Court has no jurisdiction to determine civil causes between individuals or corporations.

The County Commissioners, when acting as a court, can bind the county by their contracts.

THIS cause was tried at the April term, 1833, of the Vermilion

I

Circuit Court, before the Hon. William Wilson and a jury, and a verdict and judgment rendered for the appellee for $140, and costs.

S. McRoberts, for the appellant, cited 1 Bibb, 114, 272, 501; Acts of 1827, 108, 310, § 3; Chit. Plead. 215, 229, 235, 357; 1 Term R. 141; Arch. Plead. 21—70; 6 Term R. 557; Acts of 1829, 33; Acts of 1827, 309, 310; Road Law, 340, § 1, 13, 14, 15, 2, 5, 12, 16, 17, 20, 22; 1 Littell 10; Acts of 1827, 309; Act of 1831, 113; 3 Cond. R. 311; 3 Johns. 23, 26; 8 Johns. 223; 1 Cond. R. 19—20; Jones *v.* Coms. of Randolph, Breese 104, 106; 3 Term R. 38, 39, 40; 7 Term R. 266, 272; 1 Salk. 329; 9 Johns. 287, 290.

J. Pearson, for the appellee, cited the statutes on the subject of Co. Com. Courts; 3 Blac. Com. 22 or 25; 10 Johns. 188, 243, 249, 378; 3 Espinasse R. 91; 3 Bos. and Pul. 247; 1 Comyn on Cont. 19 or 23, 35.

Smith, Justice, delivered the opinion of the Court:

The appellee instituted a suit in the Circuit Court of Vermilion county, against the appellant, and declared in *assumpsit.* The declaration contained three counts: the first alleges that the appellee, being a physician and surgeon, and exercising such profession, entered into a contract with the Commissioners of said county, to employ his skill and art in his profession, upon the body of one Ludington, who then and there was treated and considered in the county by such Commissioners, as a pauper, and was afflicted with various diseases: with a condition thereto annexed, that unless the said pauper was benefitted and relieved by his, the appellee's skill and medical aid, he was to receive no compensation; but if he was so benefitted and relieved, the appellee was to receive a reasonable compensation. There is an averment that such skill and medical aid were exercised and rendered, and that the pauper was greatly relieved and benefitted thereby, and that the appellee reasonably deserved to have, for such services, the sum of three hundred dollars.

The second count avers, that the said appellee was employed by the county, through its Commissioners, to render his skill and attendance on the said pauper, so considered and treated as such by said Commissioners, who was afflicted with disease; and that in consideration thereof, the said county became indebted to the said appellee in the sum of one hundred and eighty dollars, which it undertook and promised to pay.

The third count is a *quantum meruit,* for the like services rendered.

To these counts, the appellant pleaded, first, the general issue; and secondly, a special plea of exclusive original jurisdiction in

the County Commissioners' Court of Vermilion county, to hear and determine what compensation the said appellee was entitled to for such services, by way of *bar* to the action : to which second plea there was a demurrer and joinder.

The Circuit Court sustained the demurrer to the second plea, and the issue on the first was tried, and a verdict rendered for the plaintiff. On the trial of the cause, the plaintiff offered *parol* evidence of the special contract entered into by the County Commissioners' Court of Vermilion county, the records of that Court at which the contract was alleged to have been made, not showing any contract between the plaintiff and defendant. To the admission of this evidence, the counsel for the defendant objected, on the ground that the records of the County Commissioners' Court, or some writing duly authenticated, was the only admissible evidence to establish the contract to bind the county. The Circuit Court overruled the objection, and permitted the evidence to go to the jury ; and also instructed the jury, that if the County Commissioners, acting as a court, did make the contract sued on, the county was bound, though the same did not appear on the record, or in any other writing under the seal of the Court. It further appears, in the bill of exceptions, that the witnesses who proved the contract, were the Commissioners who were in office at the time the contract was made, but were then (at the time of trial) out of office. The defendant excepted to the decisions of the Court.

The errors assigned are—1st. That there is a misjoinder of parties and counts; 2d. That the plaintiff should have averred specially in his declaration all those facts necessary to show that the person who received the medical aid was a pauper, and that the county had become legally chargeable with his support; 3d. That the demurrer to the second plea was improperly overruled; 4th. That the Circuit Court erred in admitting *parol* evidence of the acts of the Commissioners' Court; 5th. That the Circuit Court erroneously instructed the jury, that, if the Commissioners, acting as a court, did make the contract sued on, the county was bound, though the same did not appear on the records, or in any other writing under the seal of the Court.

The several grounds of error will be considered. The first, alleging a misjoinder of parties and counts, it may be proper to remark, is supposed to be based on the use of the terms " *the County Commissioners,*" and " *the county, by its Commissioners,*" in the several counts of the declaration ; indeed such is the ground assumed by the counsel in support of the errors. It is not perceived how this can be said to be a misjoinder of parties and counts; the cause of action set out in each, is clearly the same, though charged in different ways. The right of action is in the same plaintiff, and against the same defendant; for

although, out of abundant caution, the pleader may have charged the contract to have been made, in one count by the County Commissioners, and in another by the county through its Commissioners, still, it is substantially the same thing; for whether the county, by its Commissioners, or the county, by its own name, be charged with the contract, the liability is the same.

The constitution, indeed, expressly names them Commissioners, and through all the legislative acts, when spoken of, the term County Commissioners, is used as frequently as " County Commissioners' Court.'' They are known by law as a public corporation, created for the purpose of superintending the business of the county in relation to its fiscal and local concerns; and although an act of the legislature directs that suits shall be carried on against the county by its particular name, still the Commissioners are its public, acknowledged, lawful agents to manage all its interests. The objection, then, that the plaintiff has joined different parties or causes of action, in right of different parties in the declaration, is not made out.

The second ground, the want of the special averments, is not well taken. The County Commissioners were by law, at the time of the making of the alleged contract, specially charged with the care and superintendence of all paupers in their county; and when they had adjudged that a person was entitled to relief, and employed an individual to afford the aid required, as between the county and the person so employed, it was conclusive and final on the county. The person employed was not by any means bound to enquire into the correctness of their determination; it was sufficient that they had authority to afford the relief, and when they had determined that it was proper, the county was bound by their contract, they having the authority to make it.

This is not the case of an action on an implied request, where the services had been rendered to one having gained a legal settlement, and who, in consequence of such settlement, would be entitled to such relief, and with the expense of which the county would be chargeable. In such a case, it will not be doubted, that to entitle a party to recover, it would be necessary to aver and prove all the facts necessary to show that the party to whom the relief was extended, was a pauper, whom the county was legally bound to support and take care of.

On the three last points, it may be proper to notice, that as they are in some measure connected, they may with propriety be considered together.

Before entering on the question of the propriety of the admission of parol evidence, the grounds arising on the demurrer may be disposed of. The appellant contends that the County Commissioners' Court had exclusive original jurisdiction to determine

what sum was due for the services rendered, and that, therefore, the Circuit Court had no power to enquire into the cause of action. To obviate this objection, we need only recur to the Constitution of the State, which, in creating the office of County Commissioner, declares that the "*time of service, power, and duties, shall be regulated and defined by law;*" and that the object of its creation is expressly "*for the purpose of transacting county business.*" Here, then, no power was given to adjudicate on contracts, and more particularly so where the county itself was one of the contracting parties. But if a doubt could remain, that no such grant was ever given by the Constitution, it is removed by a recurrence to the powers and duties as prescribed by legislative enactment, which show, at once, the sense in which the legislative power understood that part of the Constitution which created the office.—By the 9th section of the act establishing the Court of County Commissioners, passed 22d March, 1819,(1) it is provided, "That there shall be nothing contained or construed in this act, to give the said Court any original or appellate jurisdiction in civil or criminal suits or actions wherein the State is party, or any individuals, bodies politic or corporate, are parties." This provision at once excludes all idea of jurisdiction in the case before the Court. The demurrer was, therefore, correctly decided.

In the consideration which might be given to the admission of the parol testimony, on the supposition that it conflicts with settled rules of evidence in regard to records, or the written evidence of courts of record, it will be perceived that a long and perhaps uninteresting examination of powers and duties of the County Commissioners' Court, as they have been practically understood, might be made; but how far that might tend to elucidate the accuracy of the decision, is not perceived; nor, indeed, could it be profitable or necessary to investigate the questions, whether this Court is, in the legal sense of the term, a court of record; and whether it is marked by those constituent features which properly characterize a court of record, under the well known terms of *actor, reus, judex.*

It is by no means essential to a correct determination of the question arising on the admission of the evidence, or of the instructions of the Court, that it should be determined whether the County Commissioner's Court was or was not a court of record, or a public corporation with specified and defined powers; because, while it is distinctly admitted that they could enter into no contract which could bind the county, except while setting as a court or corporation, it does not necessarily follow that the evidence of that contract must at all events be proved by a record of the fact upon their minutes. It is true under the general rules

(1) R. L. 143; Gale's Stat. 162.

I*

County of Vermilion *v.* Knight.

of evidence, that the highest evidence of which the fact is susceptible, and within the power of the party to produce, should be adduced; but then there are exceptions to all general rules, and they arise from the very necessity of the particular cases. Now, shall it be pretended, that in this case the plaintiff should have been held to the production of the record of a fact of which it is admitted there was no written evidence whatever, and which the defendant in the action had been the very cause of preventing from being made? The County Commissioners, when the contract was made, either through design, accident, or ignorance, did not cause a record or minute of the contract to be made; and hence it is seriously contended that the plaintiff could not recover, because he does not adduce that which does not exist, and which, being an act he could not do himself, he could neither control or prevent from being omitted to be done. To have excluded parol evidence, under such circumstances, would have been an act of great injustice—the means of defeating a recovery, by the defendant's own wrong. The contract was made—it was the duty of the County Commissioners to have reduced the contract to writing—but, because they have omitted their duty, is the defendant to take advantage of this misfeasance or nonfeasance of its own agents? To do this, would be to make the rule of evidence subservient to the purpose of injustice. No rule of evidence is better settled, than that a party may give parol evidence of a writing, if it be destroyed or lost. And why is it so? Is it not because it is beyond the ability of the party to produce it? Does not, then, the reason of the rule apply with equal, if not greater force here? It surely must. Suppose, in this case, a record of the contract had been made, and by accident the book containing it had been lost or destroyed, would it be denied that parol evidence might be given? Was the engagement of the Commissioners to pay for the services, less a contract, because they did not do their duty, and cause it to be entered on record? Certainly not. But the case shows that the identical individuals who, as Commissioners, made the contract, are the witnesses by whom it was established; and there could have been no danger that they could not declare accurately what that engagement was. It is, however, urged, that a *mandamus* would have been the proper remedy to have been resorted to in the first instance, to get the record evidence, and by which to compel the County Commissioners to have put it on the records. And would not parol proof here, also, have been resorted to, to establish what that instrument was, which the Commissioners would be called on to record? But it will be perceived that those who made the contract, were out of office, and that, consequently, their evidence would have to be used to establish the contract. It is then clear that the evidence was properly admitted.

This reasoning is directly applicable to the charge of the Court, and equally sustains its correctness. The contract was made as a court, but, from the necessity of the case, parol evidence was only let in to establish what the record of the Court could not, because the contract was improperly omitted to be entered on the record, as the law certainly intended it should have been.

Judgment affirmed with costs.

*Judgment affirmed.*