## BACON et al. *v.* SMITH et al.

<span style="float:right; border:1px solid">2  441<br>108 129</span>

When a negotiable note is endorsed in blank, an action may be maintained on it by the holder, in his own name, though the note be held by him, in fact, as a trustee.  He need not allege the nature of his possession.

Proof that the amount of a note sued on had been attached by a third person in the hands of defendant, will not throw upon the plaintiff the burden of showing that the attachment has been discharged.  The defendant must prove that it is still in force, if he desires to avail himself of it.

The mere announcement by the maker of a note of his readiness to pay, made to the holder, and the refusal of the latter to receive the amount, on the ground that it had been attached at the suit of a third person, is not a legal tender, and cannot stop interest.  C. P. 407, 415.

APPEAL from the District Court of West Baton Rouge, *Burk,* J.

   *G. S. Lacey,* for the appellants.  Plaintiffs sue as holders of a promissory

BACON
v.
SMITH.

note, endorsed in blank. *Banks* v. *Easton*, 3 Mart. N. S. 291. *Shaw* v. *Thompson*, 3 Ib. N. S. 392. They are entitled to interest, there being no *legal tender* of payment. C. P. 407. 6 La. 16. Starkie on Ev. p. 107, note *q*, and p. 1067 note, citing 4 Dallas, 325. Starkie on Ev. pp. 1059, 1070, note *k*.

*Elam*, for the defendants.

The judgment of the court was pronounced by

KING, J. The defendants are sued as the maker and endorser of two promissory notes, and plead in defence that the plaintiffs are not the owners, and have never had the actual possession, of the notes sued on ; that the possession of the plaintiffs was only constructive, as the assignees of the Bank of the United States, the actual possession being in *W. W. Frazier* ; that the notes were attached at the suit of the United States, as belonging to the Bank of the United States, and thereby taken from the control of the plaintiffs ; and that by no subsequent proceeding have the petitioners been re-invested with authority to enforce their payment. There was a judgment of non-suit rendered in the court below, and the plaintiffs have appealed.

The plaintiffs are in the actual possession of the notes, which were produced on the trial ; and it has been repeatedly held that the holder of a negotiable instrument, endorsed in blank, as is the case with those sued on, may maintain an action in his own name for its recovery. There is no allegation that the transfer to the plaintiffs was not made in good faith, nor that the defendants have equitable defences to oppose to the true owners, of which they have been illegally deprived. The defendants show that the notes were regularly assigned to the plaintiffs as trustees, by the Bank of the United States, and that they have been notified to pay them to no other person than to the plaintiffs, or their attorney, *Frazier*. It was not necessary that that the plaintiffs should have averred that they held the notes as trustees, if such be still the nature of their tenure. Their possession is sufficient to authorise the action. It appears that the defendant, *Smith*, offered to pay the amount of the notes to *Frazier*, which the latter refused to receive, stating that the notes had been attached at the suit of the United States against the bank. It is urged that the plaintiffs have not shown, that the notes have been liberated from the attachment ; and that this offer to pay, relieves the defendants from the payment of interest. It was not incumbent on the plaintiffs to show that the attachment had been discharged, nor that their capacity to receive had been restored, but it devolved upon the defendants to prove that the proceeding was still in force, if they desired to avail themselves of that fact in defence. The announcement by the defendant *Smith*, of his readiness to pay the notes, was not a legal tender, and had not the effect of arresting interest. C. P. arts. 407, 415. 6 La. 17.

It is therefore ordered that the judgment of the District Court be reversed. It is further ordered, that the plaintiffs recover of the defendants, *in solido*, the sum of five hundred and twenty-four dollars and eighty-eight cents, with ten per cent yearly interest thereon, from the 14th day of November, 1842, until paid ; and the further sum of five hundred and sixty-six dollars and five cents, with like yearly interest, from the 14th day of November, 1843, until paid, with nine dollars and sixty cents, the costs of protest. It is further ordered, that the defendants pay the costs of both courts.