. No. 1469.—WILLIAM THIEL *v.* C. M. CONRAD.

Where a promissory note is made payable at a particular place, as a bank, in an action against
the maker it is not necessary to allege or prove that demand of payment was made at that
place to enable the holder to recover. 5 An. 61.

The maker of the note may, however, when sued, set up in defense that he had deposited the
funds in the bank to meet the note at maturity, and show the damages he has sustained by
the failure of the holder to demand payment at the place designated.

APPEAL from the Third District Court of New Orleans, *Fellowes, J.*
John E. Holland, for plaintiff and appellant, *C. M. Conrad & Son,*
for defendant and appellee.

HOWE, J. The plaintiff enjoined the execution of a writ of seizure
and sale issued in executory proceedings for the collection of certain
promissory notes secured by mortgage and vendor's privilege. His
petition alleges two grounds for the injunction.

*First.*—That at the maturity of the notes he tendered payment, and
that therefore the interest demanded from maturity could not be law-
fully claimed.

*Second.*—That the payee of the notes, defendant in injunction, was
engaged in the service of the "so-called Confederate States," as a
member of Congress; that payment of the notes to him at their ma-
turity and during the war was forbidden by law and general military
orders, and that therefore the interest demanded after maturity could
not be lawfully claimed.

The answer was a general denial, with prayer for damages against
both plaintiff and his surety. There was judgment in favor of de-
fendant, dissolving the injunction, with damages against the plaintiff
alone, and the plaintiff alone has appealed.

As to the first ground of injunction the court *a qua* did not err.
There was no sufficient evidence of a tender to suspend the accruing of
interest. Two of the notes fell due May 1, 1862, and were by their
terms payable at the Union Bank. If we give the fullest effect to the
testimony on behalf of plaintiff we find that when these two notes fell
due he went with one witness and offered to pay the notes with a check
of another person on the Citizens' Bank, but was told that the notes
were not there, and the note teller declined to take the check. There
was no tender in lawful money, nor was there any consignment of the
amount due. C. C. 2163, 2164; C. P. 404 to 418; 6 La. 19; 4 R. 146;
2 An. 441, 496; 14 An. 327.

As to the other two notes, falling due in 1863, there was no attempt
to show that any tender was made.

Upon the second ground of injunction the court did not err. There
was no evidence adduced to establish the allegations in regard to the
defendant, and we are not aware of any rule of law which authorizes
us to take judicial notice of the actions of private individuals. It is

William Thiel v. C. M. Conrad.

therefore unnecessary to consider what effect the proof of this averment would have.

It is urged by plaintiff that the notes were payable at the Union Bank; that no demand was made there until long after maturity, and that for this reason the interest of eight per cent. stipulated after maturity cannot be recovered. If we admit that this point can be raised under the pleadings in this case, we reply that in the first place there is evidence to show that the agent of defendant presented the notes at the Union Bank for payment as they fell due; and in the second place, if the testimony of the agent be considered as not establishing this fact, the theory of the plaintiff is incorrect in law. We consider it as well settled in this State since the case of Ripka v. Pope, 5 An. p. 61, that where a promissory note is made papable at a particular place, as a bank, in an action against the maker it is not necessary to allege or prove that a demand of payment was made at that place to enable the plaintiff to recover; and that to found a defense upon a want of such demand the defendant (or in this case the plaintiff in injunction) must show some resulting injury. If the maker show that he had funds at the appointed place at the appointed time, he might be exonerated from interest thereafter. If he show that he has sustained actual loss in consequence of non-presentment, as if the note be payable at a bank, and he deposit funds there to meet it, and they are lost by the failure of the bank, such loss might be pleaded in defense. But in this case there is no evidence of this sort. Story on Promissory Notes 3228; Parsons on Bills, vol. 1, p. 309 and notes; McCollop v. Flaker, 12 An. 551; Catalonge v. Alva, 13 An. 99; Stokes v. Forman, 12 An. 671.

Upon the trial in the court below the plaintiff offered the record of the executory proceedings to show that the notes and act of mortgage were not stamped and that two of the notes had been restricted by a special endorsement, and that the order of seizure and sale was therefore irregular, and the defendant objected. The court admitted the record in evidence with. the reservation "that if in an examination of the pleadings said record was not relevant to the issues presented it would not be allowed to weigh with the court in making up its judgment," and the defendant excepted. The court in its judgment attached no weight to the evidence, and we think properly, inasmuch as the plaintiff in his petition for an injunction made no such averments as he thus sought to establish.

The defendant has asked for an amendment of the judgment so as to condemn the surety on the injunction bond in solido with the plaintiff, but the surety is not before us.

For the reasons given it is ordered and adjudged that the judgment appealed from be affirmed with costs.

Rehearing refused.