SAMUEL K. WHITING *vs.* CITY OF ELLSWORTH.

Hancock.    Opinion February 8, 1893.

*Tax.    Assessor.    Oath.    Collector, de facto.    R. S., c. 3, § 10.*

In a suit to recover a tax paid by the plaintiff, claimed to be illegally assessed because the assessors did not appear to have been sworn, parol evidence is admissible to show that the proper oath was administered and the court has power by R. S., c. 3, § 10, to permit the record of the town clerk to be amended accordingly.

Where the tax was received by the collector who was not sworn but was acting under color of his office; *Held,* that he was collector *de facto,* and had the right, as between the town and tax payer, to receive and receipt for the taxes committed to him as such officer.

ON EXCEPTIONS.

Assumpsit for money had and received. The verdict was for the defendant and the plaintiff took exceptions as appears in the opinion.

*Hale and Hamlin,* for plaintiff.

Remedy: *Hathaway* v. *Addison*, 48 Maine, 440. The law is well settled that an action for money had and received will lie in favor of a non-resident to recover a tax on personal property assessed against him as a resident and paid under protest, when he is not legally taxable for any personal property in the town receiving the tax; or in favor of a resident,

who pays his tax under protest and to prevent arrest, when such tax is wholly illegal and void. Bolster's Town Officer, page 46, § 10; *Howard* v. *Augusta*, 74 Maine, 79; *Briggs* v. *Lewiston*, 29 Maine, 472; *Look* v. *Industry*, 51 Maine, 375; *Abbott* v. *Bangor*, 56 Maine, 310; *Smith* v. *Readfield*, 27 Maine, 145; *Torrey* v. *Millbury*, 21 Pick. 64; *Wright* v. *Boston*, 9 Cush. 233; *Joyner* v. *Sch. Dist.* 3 Cush. 567; *Oliver* v. *Lynn*, 130 Mass. 143.

Illegal assessment: The record of the city clerk for that year recites that T. E. Hale was sworn as second assessor by A. F. Burnham, justice of the peace. Revised Statutes, c. 3, § 24, provides that when a town officer is sworn by a justice of the peace, such justice shall give to the officer sworn a certificate of the oath administered, which he shall return to the clerk within seven days to be filed. It is not contended that any such certificate of the swearing of Hale was returned or filed. Nothing to show that Hale was ever sworn by a justice of the peace except his (Hale's) testimony to that effect. The very purpose of the statute is to provide the best evidence of the oath, viz: that of the justice who administered it, and not the testimony of the person claiming to have been sworn. Statute mandatory: *Lyon* v. *Alley*, 130 U. S. 177. Counsel also cited: *Williamsburg* v. *Lord*, 51 Maine, 599; *Sanfason* v. *Martin*, 55 Maine, 110; *Orneville* v. *Palmer*, 79 Maine, 472; *Dresden* v. *Goud*, 75 Maine, 298; *Machiasport* v. *Small*, 77 Maine, 109; R. S., c. 3, § 24.

Warrant defective: *Pearson* v. *Canney*, 64 Maine, 188; *Machiasport* v. *Small, supra.*

Collector not being sworn, the office was vacant. *Gould* v. *Monroe*, 61 Maine, 544; *Dresden* v. *Goud, supra*; *Tucker* v. *Aiken*, 7 N. H. 113; *Parish* v. *Fiske*, 8 Cush. 267. McGown could not have recovered this tax of the plaintiff in an action of debt.

*Wiswell and King*, for defendant.

An action of this kind will never lie to recover back money on the ground of any irregularity, error, mistake or omission upon the part of the assessors or the collector except in cases

where the irregularity, error, mistake or omission is of such a character as to render the assessment wholly and absolutely void, a mere nullity.

An action of assumpsit for money had and received upon general principles can only be sustained when the defendant had money which in equity and good conscience he ought not to retain against the plaintiff, or when the action is expressly given by statute. *Hayford* v. *Belfast*, 69 Maine, 63 ; R. S., c. 6, § 142. Right to maintain such action in all Maine cases except *Howard* v. *Augusta*, 74 Maine, 79, based upon non-residence of the tax payer. Not sustainable for errors, irregularities, &c. : *Rogers* v. *Greenbush*, 58 Maine, 390 ; *Boothbay* v. *Race*, 68 Maine, 351 ; *Gilman* v. *Waterville*, 59 Maine 491 ; *Farnsworth Co.* v. *Rand*, 65 Maine, 23 ; *Bath* v. *Reed*, 78 Maine, 276 ; *Cressey* v. *Parks*, 76 Maine, 534 ; *Topsham* v. *Blondell*, 82 Maine, 152 ; *Oliver* v. *Lynn*, 130 Mass. 143. Collector *de facto* : *Green* v. *Walker*, 63 Maine, 311 (overruling *Payson* v. *Hall*) ; *Old Town* v. *Blake*, 74 Maine, 280, 286. Defects in warrant : *Lord* v. *Parker*, 83 Maine, 530.

LIBBEY, J. This is assumpsit by the plaintiff to recover of the defendant city, the amount paid by him to James A. McGown, acting collector, as his taxes on personal property in said city for 1890. The plaintiff claimed that he was not an inhabitant of Ellsworth on the first day of April of that year. He was arrested by said McGown for non-payment of his tax, on the 30th day of September, 1890, and thereupon paid his tax under protest, and in this action seeks to recover it back.

It is admitted that said McGown, as collector, paid the tax to the city treasurer on the same day.

The jury found against the plaintiff on the question of his liability to taxation as an inhabitant of said city and that fact is no longer in contention.

The plaintiff claims to recover on two grounds :

1. That the assessors for 1890 were not qualified by taking the oath required by the statute before the performance of their duties. The record of their election and qualification was put in evidence by the plaintiff, and he claimed it was not sufficient

to prove that the oath was duly administered to them. The city clerk was then called by the plaintiff as a witness, and on cross-examination testified that all the assessors were duly sworn in his presence. The defendant then asked leave for the clerk to amend his record of the administration of the oath according to the fact, which was granted by the court, and the amendment was made. It is claimed that this was error. There can be no doubt about the the power of the court to permit such amendment. R. S., c. 3, § 10.

But if there was no sufficient record of the oath, the fact that the assessors were duly sworn may be proved by parol, and it was proved by the city clerk.

2. It is claimed that McGown, acting as collector, was not sworn as required by the statute, and had no legal authority to act as such when he arrested the plaintiff and received from him his tax.

The tax was legally assessed upon the plaintiff. It was due to the city; McGown was duly chosen collector; gave the requisite bond as such, and the taxes were duly committed to him by the assessors. He was acting as collector under color of his election, and was collector *de facto.* As between the city and tax payer he had the right to receive and receipt for the taxes committed to him. *Belfast* v. *Morrill*, 65 Maine, 580; *State* v. *Goss*, 69 Maine, 22; *Woodside* v. *Wagg*, 71 Maine, 207. The defendant has no money which in good conscience belongs to the plaintiff.          *Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.