————————o————————

## No. 6034.

## NOLAN & TORRE vs. THOS. L. HARRIS.

### Syllabus.

To recover, one must make his claim certain; doubt is fatal to his claim.

A tender made in accordance with Articles 405 to 415, Code of Practice, is the only one that will relieve the defendant from the payment of costs.

Appeal from the Civil District Court, for the Parish of Orleans, Division "C," No. 100,504. Hon. E. K. Skinner, Judge.

U. Marinoni, Jr., for plaintiff and appellant.

E. Howard McCaleb, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiffs are architects. They allege that they made a contract with the defendant to prepare plans and specifications for a building for a commission of three per cent on the cost of the building; that they prepared the plans and specifications and called for bids with his consent; that the lowest bid was $8,775.00 upon which the commission amounts to $263.25.

The defendant answers that he engaged the plaintiffs to enlarge certain plans and specifications for the price of $70.00.

There was judgment for plaintiffs for $70.00 all costs to be paid by them. Plaintiffs have appealed.

The evidence satisfies us that the plaintiff agreed to make the plans and specifications for less than three per cent.

Peter Torre, Jr., testifies that Mr. Nolan told Harris that they would charge one per cent for the plans, and a half per cent for the specifications, under certain conditions, and that Harris intended to put up a $7000.00 house. He does not testify that Harris agreed to pay three per cent, but that three per cent is a regular charge for plans and specifications. He denies that Harris agreed to pay only $70.00 for redrawing the plans.

Mr. Wm. T. Nolan testifies that the usual charge is three per cent; but that they agreed to charge Mr. Harris only two per cent on his representation that he would build a cheaper house if the bids for the plans and specifications prepared by them ran too high, and that he would give them the drawing of the plans and specifications for the cheaper house; that there was nothing said about the cost of the house.

Mr. Thos. L. Harris testifies that he agreed with Torre for a commission of one per cent on an estimate of $7,-000.00 to make the plans and specifications.

The plaintiffs have not made out a clear case, and we must adopt the figure stated by the defendant.

The only question left is who shall pay the costs.

Mr. Torre swears that Mr. Harris never offered to pay them any amount at any time. The testimony of Harris is ambiguous. At one time he says he told Torre he would pay him $70.00 "to rid himeslf of the matter which had

become more of an annoyance than anything else," and that Torre told him "they didn't want the $70.00 but they did want to build the house," at another time he denies that he owed plaintiffs anything or he had offered to pay them $70.00, again that he offered to pay them $70.00 on condition that Torre would turn over to him a copy of the plans and specifications. But at no time does Harris pretend that he made plaintiffs a tender of any amount.

His answer is a general denial, and his supplemental answer is a repetition of the general denial and a prayer that plaintiff's suit be dismissed with costs. In the presence of this conflict of testimony we are bound to hold that defendant has not proved that at any time, he admitted owing plaintiffs any sum of money or offered to pay them any amount. 4 R., 146. One thing is certain that he did not make a tender and that if at any time he had been willing to pay, he changed his mind when suit was filed against him. 13 La., 268. The Code of Practice provides that the party cast shall pay costs. Arts. 157-549.

To save himself from the payment of costs a defendant must have made a tender of the amount claimed or of the amount he admits he owes. C. P. 155-169-415-549.

Assuming that at some time prior to suit plaintiff had rejected the offer of $70, that did not relieve defendants from the necessity of making another tender when he received the citation in this case to relieve himself from the payment of future costs.

Whether the plaintiffs then had accepted or declined the $70 they would have been liable for future costs if the tender had been adjudged sufficient, because judgment would have been rendered against them for the balance. As the defendant did not make a tender at that time and

— 193 —

as the judgment has gone against him for $70 he must pay costs.

Frey vs. Fitzpatrick, 108 La., 125; Maries vs. R. R. D. Co., Court of Appeal 1900.

A tender made according to C. P., 406-415, is the only one that will stop interest (or costs) 6 La., 17; 4 R., 146; 2 A., 441; 27 A., 177. Plaintiff's refusal to accept the amount offered dispenses with the formal tender provided by Article 407. But the defendant will owe interest or costs from judicial demand.

26 A., 453.

The debtor must be condemned to pay costs although he admits the amount claimed, but fails to tender it.

23 A., 183.

It is therefore, ordered, adjudged and decreed that the judgment of the lower Court be affirmed in so far as it is in favor of plaintiffs and against the defendants for seventy dollars; but that in other respects it be amended by condemning the defendants to pay the plaintiffs interest on said sum of $70 from judicial demand and all the costs of this suit in the District Court and in this Court.

Judgment affirmed and amended.

Opinion and decree, March 9th, 1914.