STATE OF MAINE *vs.* GEDEON VALLEE.

Androscoggin.     Opinion, April 13, 1941.

**312**

*Edward J. Beauchamp,*
*Armand A. Dufresne, Jr.,* for State.
*Berman & Berman* (Lewiston, Maine),
*Adrian A. Cote,* for respondent.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

THAXTER, J.    The respondent was indicted for a violation of the provisions of R. S. 1930, Chap. 133, Sec. 5. The indictment is in three counts. The first alleges the acceptance by the respondent, Vallee, who was a county commissioner of Androscoggin County, of a promise by one St. Pierre to pay Vallee five dollars a week during

the time that St. Pierre should be acting as janitor in the county building, the said St. Pierre knowing that the respondent was a county commissioner and having the intent to influence his action in the matter of employing St. Pierre as a janitor, a matter which was to come before the respondent in his official capacity, the said respondent having the intent under the influence of said promise to vote for St. Pierre as janitor. The second count sets forth the same corrupt agreement and charges that the respondent in discharge of it did accept from St. Pierre on June 12, 1935 and on divers other days and times while he was acting as janitor of said building the sum of five dollars in pursuance of the corrupt agreement. The third count charges that the respondent on said date and at divers other times did accept the sum of five dollars from St. Pierre in consideration of which payment having the intent to keep by his vote the said St. Pierre in the employment of the County of Androscoggin as janitor. Demurrers were filed to this indictment which were overruled and on exceptions being taken to this court all counts in the indictment were held good. *State* v. *Vallee*, 136 Me., 432, 12 A., 2d, 421. The respondent was tried and convicted. The case is now before us on exceptions and on an appeal from a ruling of the presiding justice denying the respondent's motion for a new trial.

## EXCEPTIONS

*Exception* 1. The State, in order to show that St. Pierre was in fact employed by the Board of County Commissioners as a janitor as alleged in the indictment, offered the testimony of Henry O. Cloutier another member of the board as to what transpired at a meeting of the board. The testimony was objected to on the ground that the acts of the board could be proved only by the official records. The evidence was admitted and an exception taken. The ruling was correct. This is not a case where oral evidence is offered to contradict a record, for no entry whatever was made on the subject. Nor is it a case such as *Small* v. *Pennell*, 31 Me., 267, in which the validity of an act depends on a proper record. The material question was whether St. Pierre was employed as a janitor and what part the respondent played in procuring him the position. It would be a sad commentary on the law if a respondent should es-

cape punishment because no record was kept of his misdeeds. For cases and authorities indicating that such evidence is admissible see *Whiting* v. *City of Ellsworth*, 85 Me., 301, 27 A., 177 ; *Duluth, South Shore & Atlantic Ry. Co.* v. *Douglas County*, 103 Wis., 75, 79 N. W., 34 ; *County of Vermilion* v. *Knight*, 2 Ill., 97 ; *Jordan & McCallum* v. *Oseola County*, 59 Ia., 388, 13 N. W., 344 ; *Western Paint & Chemical Co.* v. *Board of Com'rs of Washington County*, 171 Okla., 302, 42 P., 2d, 533 ; McQuillan, Municipal Corporations (1939), Sec. 654.

*Exception* 2. The respondent excepted to the refusal of the court to direct the jury to bring in a verdict of not guilty. The motion for a new trial after verdict raises the same question as the motion for a directed verdict and is a waiver of the exception taken to the prior ruling. *State* v. *O'Donnell*, 131 Me., 294, 161 A., 802.

*Exception* 3. The respondent excepted to the following portion of the charge of the presiding justice :

"Under the other counts it is necessary for the State to prove, and prove beyond every reasonable doubt, that Gedeon Vallee was the duly elected and qualified and acted as a County Commissioner at or about the dates alleged, and that on or about the time as alleged Alfred St. Pierre was selected as janitor as a result of the promise and that Gedeon Vallee received from St. Pierre the sum of five dollars or any sum in pursuance and as a result of that agreement."

The respondent claims that it was necessary for the State to prove that the sum of $5.00 mentioned in the indictment was paid and that proof of any other sum would not warrant a conviction. The only case cited by counsel in support of such a contention is *State* v. *Martin*, 134 Me., 448, 187 A., 710. That does not seem to be in point. The material question is not the amount of the bribe but whether a bribe was given. *Stovall* v. *State*, 104 Tex. Cr. Rep., 210, 283 S. W., 850 ; 9 C. J., 412 ; 11 C. J. S., 866. This exception is without merit.

*Exception* 4. The respondent waives this exception.
*Exception* 5. After the jury had retired and started their de-

liberations they returned to the courtroom and the foreman requested that the testimony of St. Pierre, Cloutier and the respondent be read on a certain phase of the case. The reporter read the testimony of Cloutier and of the respondent on this point and the direct testimony of St. Pierre. Before the jury again retired counsel for the respondent requested that the cross-examination of St. Pierre on this same phase be read. It was claimed that the cross-examination contradicted his direct testimony. The court asked the foreman if the jury desired such testimony read. The foreman replied in the negative stating that the points the jury had in mind had been covered. The court refused to grant the request that this portion of the testimony be read, and the respondent took an exception.

The inquiry addressed by the court to the foreman of the jury was not for the purpose of leaving to the jury the decision of the question, but to find out for the benefit of the court in making a ruling whether the jury had been sufficiently informed. If we lay down the rule that a respondent under such circumstances as this can compel as a matter of right the reading of testimony relating to a certain point, it is apparent that the deliberations of a jury might be long delayed for no court would feel safe in reading anything less than the whole of such testimony. What shall be done under such circumstances as this must be left to the sound discretion of the presiding justice. A respondent can complain only when such discretion is abused. *People* v. *Kasem*, 230 Mich., 278, 203 N. W., 135; *Byrd* v. *State*, 90 Tex. Cr. Rep., 418, 235 S. W., 891; *Jarvis* v. *Commonwealth*, 245 Ky., 790, 54 S. W., 2d, 307; *State* v. *Manning*, 75 Vt., 185, 54 A., 181. In the case before us, the record does not tell us what the particular testimony was which was read to the jury, and neither do the exceptions point out what if any portion of the cross-examination contradicted this undisclosed phase of the direct testimony. The respondent shows no abuse of the court's discretionary power.

## THE APPEAL

In support of the charges in the indictment we have the testimony of St. Pierre. It is corroborated by the testimony of two other wit-

nesses at least to the extent that money was paid by St. Pierre to the respondent and one of them testifies to an incriminatory statement by the respondent. Counsel for the respondent argues that the testimony of St. Pierre is vague and evasive, and that he fails to remember important details. The same general attack is made on the testimony of the other witnesses. An explanation of the payment of the money is that St. Pierre was repaying the respondent for a loan. The credence to be given to witnesses, the resolving of conflicts in testimony and the weight to be given to it, are all matters for the jury to settle. We cannot say that the verdict of the jury was not warranted.

*Exceptions overruled.*
*Appeal dismissed.*
*Judgment for the State.*