382 A.2d 553 (1978)
STATE of Maine
v.
William F. MacDONALD.
Supreme Judicial Court of Maine.
February 23, 1978.
William R. Stokes, Asst. Atty. Gen. (orally), Augusta, for plaintiff.
Farris & Foley, P. A. by David P. Cullenberg (orally), Gardiner, for defendant.
Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.
NICHOLS, Justice.
On conflicting, but legally sufficient, evidence, a Superior Court jury in Kennebec County found the Defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor.[1] In appealing from the conviction entered on the verdict, the Defendant urges that it was error for the court below to refuse an instruction on bias and prejudice; and that the court abused its discretion in not requiring cross-examination testimony of a witness to be read to the jury after the jury requested to hear only the direct testimony.
We deny the appeal.
The chief prosecution witness, a state trooper, admitted on cross-examination that there had been an "incident" at a local hospital involving a young woman, which the Defendant had reported to the trooper's superiors. Neither the Defendant, testifying on his own behalf, nor any other witness elaborated upon the nature of the incident.
The Defendant did not submit a written request for a jury instruction on bias and prejudice at or before the close of the evidence pursuant to Rule 30(b), M.R.Cr.P.[2] After the charge, defense counsel made a request at sidebar for "something on bias and prejudice." The request was refused on the grounds that credibility had been covered and to give such an instruction then would be to give it undue emphasis.[3] We share that concern.
*554 Although the request was late, we treat the issue as properly preserved here. Cf. State v. Rice, Me., 379 A.2d 140, 144 (1977).
The jury was instructed extensively on credibility. The presiding justice discussed a number of matters, including "motive" and "interest," that the jury might consider in resolving questions of credibility. The justice emphasized that the matters thus mentioned were not intended to be an all-inclusive list; that the jurors were to use their common sense; and that they were to resolve matters of credibility in the same manner they would in their everyday lives.[4]
When viewed in their entirety, the instructions adequately informed the jury that the question of the bias or prejudice of a witness could be considered in resolving credibility questions.[5]State v. Berube, 158 Me. 433, 437, 185 A.2d 900 (1962); State v. Wallace, Me., 333 A.2d 72, 80 (1975).
We move on to the Defendant's second point. After several hours of deliberation, the jury asked to hear the testimony of the trooper relative to certain radio calls he made while the Defendant was sitting in the police cruiser. After the reporter read the direct examination, the presiding justice asked if the jury wanted to hear the cross-examination dealing with the same calls. The foreman first consulted with the other members of the jury and then responded in the negative. When the jury had again retired, defense counsel objected to the failure of the presiding justice to have the cross-examination read to the jury.
Our review is limited to a determination of whether there has been an abuse of discretion by the presiding justice. State v. Vallee, 137 Me. 311, 315, 19 A.2d 429, 431 (1941); See A.B.A. Standards For Trial By Jury, § 5.2(b) (Approved Draft, 1968).
We find no abuse of discretion here.
The entry will be:
Appeal denied.
Judgment affirmed.
DELAHANTY, J., did not sit.
NOTES
[1] 29 M.R.S.A. § 1312.
[2] It was not contemplated that Rule 30(b) would require written requests for routine or "boiler-plate" instructions. Rather, it is the purpose of this rule to obtain requests in writing for the instructions which may be unique to the case at bar. Such requests, timely filed, alert the court to counsel's understanding of the applicable law and enable counsel to plan their final arguments with an awareness of what the court's instructions will be.
[3] The colloquy was as follows:

. . . THE COURT: Any requests by the Defendant?
MR. FARRIS: I would like something on bias and prejudice.
THE COURT: I thought I mentioned that.
MR. FARRIS: You didn't say that they could take into consideration any bias or prejudice of the witnesses themselves; you almost reached it, and didn't.
THE COURT: Well, I think I have really. You have emphasized that he may have had an axe to grind against this officer, and I told them that all of the criteria that I suggested was not intended to be an all-inclusive laundry list, and I think if I stated that again now that it might unduly emphasize that.
MR. FARRIS: For our own protection that's why I put it on the record.
[4] We would be reluctant to reverse if the subject matter of the proposed instruction could have easily been anticipated, and if it appeared that counsel had delayed submission of instruction as a matter of strategy, hoping to get the "last word" before the jury. We intimate no suggestion, however, that such was the case here.
[5] It is unnecessary for us to reach the further question of whether there was in this case evidence of bias or prejudice such as would generate a need for instruction on these points.