**STATE of Maine**

v.

**Ellery SAUCIER.**

Supreme Judicial Court of Maine.

April 25, 1978.

Henry N. Berry, III,Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, John Kugler, Law Student (orally), for plaintiff.

Lawrence J. Zuckerman (orally), Gray, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

On the evening of July 28, 1975, two Canadian sailors, Messrs. Yu and Leung, attended a party in Portland at the home of a woman whom they had met at a bar on Congress Street. Soon after leaving, they were confronted by three men whom they recognized from the party. Without warning, someone struck Mr. Yu in the head with a brick, felling him, and, as Mr. Leung ran for help, the three assailants stole Mr. Yu's wallet and identity cards. Bleeding profusely from the head, Mr. Yu was propped up on the steps of an adjoining house and abandoned by his assailants.

A grand jury indicted James Dyer, Herbert Thorne and Ellery Saucier for the ag-

gravated assault and robbery of Mr. Yu. After Thorne pleaded guilty and became a State's witness, the consolidated trial of defendants Dyer and Saucier was held. A jury acquitted Dyer on both counts but found appellant Saucier guilty of robbery.

## I

Appellant first contends that he was severely prejudiced by the joinder of his trial with that of co-defendant Dyer and that the trial court abused its discretion in consolidating the two cases.

The policy in support of permitting joinder has been stated as follows:

"Generally speaking where several defendants are jointly indicted they should be tried together, particularly where the charges against them arise out of joint acts allegedly committed by each in the presence of each other. In such cases, joint trials are favored in the interest of conserving judicial economy, avoiding duplicitous, time-consuming and expensive trials, conserving public funds, diminishing inconvenience to witnesses and public authorities, and promptly trying those accused of crime." *United States v. Barber,* 442 F.2d 517, 529 (3d Cir. 1971), *cert. denied,* 404 U.S. 958, 92 S.Ct. 327, 30 L.Ed.2d 275 (1971), cited with approval in *State v. Wing,* Me., 294 A.2d 418, 420 (1972).

The trial court is authorized to order joinder under Rule 13, M.R.Crim.P. or severance under Rule 14, M.R.Crim.P. The trial court has discretion in deciding such matters, and its action is not ground for new trial unless prejudice and abuse of discretion are shown. *State v. Wing,* Me., 294 A.2d 418 (1972); *State v. Coty,* Me., 229 A.2d 205 (1967).

Absent objection before or during trial, cognizable by this Court through the record on appeal, an appellant will not be permitted to assert on appeal that joinder was prejudicial. *Cf. State v. Mann,* Me., 361 A.2d 897 (1976); *State v. Pomerleau,* Me., 363 A.2d 692 (1976). Considerations of judicial economy support joinder where the parties will not be prejudiced thereby. In this case, for example, two witnesses had to be brought from Canada. Ordinarily, in the initial stages of a case, a court will not be aware of the possible theories of defense or of the evidence that will be developed at trial. Counsel should be aware of problems that may arise from joinder and can easily bring them to the attention of the court by objecting to joinder. Absent an objection to joinder, the trial court is entitled to assume that there will be no special prejudice from joinder and that considerations of judicial economy should therefore control.

The trial justice has a continuing duty to keep a watchful eye over the proceedings in a joint trial and to order a severance when it becomes apparent that the rights of the accused will be prejudiced by the joinder. See *State v. Elwell,* Me., 380 A.2d 1016 (1977). However, the record before us, including docket entries and motions, does not show that any objections, written or oral, were made in opposition to the State's motion to join. The only indication in the record that there may have been an objection is counsel's statement during trial that he and Dyer's counsel "objected strenuously when these matters originally were joined . . . ." This statement does not show that an objection was actually made to the court itself or that the court was apprised of the possible prejudice that might result from joinder. On this record, it cannot be found that the trial justice abused his discretion.

## II

At least six times in the course of the trial, the State introduced admissions made by co-defendant Dyer to third persons tending to incriminate appellant. Relying on *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), appellant now asserts that use of these admissions of a co-defendant, who did not take the stand, deprived him of his constitutional right of confrontation which is guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States. Not once did counsel object to the introduction

of Dyer's admissions. In fact, one such admission was elicited during appellant's own cross-examination of a witness. It is plain that appellant has waived his right to raise this issue on appeal.

"[T]hat a harmful error of constitutional dimension has occurred during the course of a trial does not require an *automatic* reversal, on appeal, of the resulting judgment of conviction. As we interpret the 'harmless error beyond a reasonable doubt' doctrine which was originally pronounced in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) in special relation to errors of constitutional dimension, it does not purport to preclude—solely because constitutional error may be involved—the application of another independently operative principle, generally acknowledged as necessary to further a sound appellate practice, that in a direct appeal from a judgment of conviction the appellate tribunal will deny cognizance in due course to trial errors not adequately saved at the trial level." *State v. Pomerleau,* Me., 363 A.2d 692, 696 (1976).

Though a trial court may on occasion voluntarily exclude evidence in the interest of fairness, it is not the function of the presiding justice to second-guess counsel on matters of trial strategy. Appellant cannot complain that the failure of the court to exclude the statements was error prejudicial to his case when he did not even bring this alleged prejudice to the attention of the court.

## III

As his third ground on appeal appellant asserts that the trial justice erred in limiting the scope of inquiry permitted him in cross-examination of a particular witness. When asked about her feelings toward Saucier, the witness, who had been an accomplice in the robbery, testified that she liked him "as a brother". Appellant's counsel approached the bench and requested that he be allowed to impeach the witness on the issue of bias by showing that she had become pregnant by the appellant and that

her mother had subsequently forced her to have an abortion. The presiding justice ruled that appellant could inquire into whether the relationship had been more intimate than that of sister and brother but refused to permit inquiry into the alleged pregnancy and abortion. Appellant insists that those matters were "clearly admissible" on the issue of bias and that their exclusion by the trial court constituted an abuse of discretion.

We have said that bias may be shown by developing facts sufficient to provide an intelligent understanding of the witness's particular interest in the prosecution at hand and the resulting potential for partiality in his testimony. *State v. Brown,* 321 A.2d 478, 482 (1974).

However, the fact that evidence is generally admissible does not divest the presiding justice of his discretionary power to limit the scope and duration of inquiry. Rule 403 of the Maine Rules of Evidence provides, among other things, that evidence may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues or by considerations of undue delay or waste of time.

Tested under the foregoing principles, the limitations imposed by the trial justice did not constitute an abuse of discretion. The resulting inquiry would have been time-consuming and could have confused the jury as to the significance of such evidence in a trial for assault and robbery. The proffered evidence was not highly probative of bias. The presiding justice did not abuse his discretion in ruling as he did.

## IV

After brief deliberation the jury returned to the courtroom and requested that the testimony of one witness, as it related to co-defendant Dyer's involvement in the crime, be read back to them. Interwoven in this testimony, by Herbert Thorne, were some references to appellant's complicity in the robbery. The court determined that separation of the testimony regarding defendants Dyer and Saucier was practically

impossible and, after acceding to appellant's request that his cross-examination of Thorne not be included, ordered that the rest of Thorne's testimony be read back to the jury. Appellant now argues that he was so prejudiced by this repetition of evidence against him that he was denied a fair trial.

 The trial justice may grant a request by the jury that portions of the record be read back to them. *State v. Vallee,* 137 Me. 311, 19 A.2d 429 (1941). The testimony was already in evidence before the jury. The jury requested the particular testimony, and the court did not abuse its discretion in honoring the request merely because the testimony tended to inculpate the appellant.

The entry is:

Appeal denied.

Judgment affirmed.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.