**George CAYER**

v.

**Melvin LANE, Leroy Lane, and Leslie Lane.**

Supreme Judicial Court of Maine.

Aug. 4, 1978.

Daviau & Daviau by Robert J. Daviau, Waterville (orally), for plaintiff.

Levine, Brody & Levine by Frederick E. Levine (orally), Morton A. Brody, Waterville, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

In this action seeking damages from an assault and battery, the plaintiff was awarded $10,266.00 by a Somerset County jury. The defendants have appealed.

We deny the appeal.

I

Appellants challenge certain jury instructions given by the presiding Justice, arguing that five erroneous instructions were given. We conclude that these claims of

**468**

error have not been properly preserved for appellate review.

■ Of the five instructional errors argued, three were not saved at the trial level by appropriate objections. Rule 51(b), M.R. Civ.P.[1] The Justice below was seasonably apprised of the remaining two by objection pursuant to Rule 51(b) but, in response, gave additional instructions. He then addressed this question to defense counsel: "Does that clarify the question counsel had in mind?" Rather than registering an objection to the additional instructions, counsel answered: "Yes, Your Honor."

■ Unless the jury instructions were so manifestly erroneous as to constitute serious injustice depriving the appellants of a fair trial, appellate review thereof is precluded. *State v. Barker,* Me., 387 A.2d 14, 19 (1978);[2] *State v. Pomerleau,* Me., 363 A.2d 692, 697 (1976); *Ginn v. Penobscot Co.,* Me., 334 A.2d 874, 882 (1975). Here, as in *Pomerleau* when objections were not noted after corrective instructions had been given, the error, if any, is not preserved. Suffice it to say that we have reviewed the instructions carefully and find no manifest error.

## II

■ During the course of deliberation the jury requested certain testimony of the plaintiff be read back "concerning the first symptoms of heart trouble." This was done and then the following colloquy appears:

"THE COURT: Is that the information you want?

THE FOREMAN: Yes, sir.

THE COURT: Is there further information that you want?

THE FOREMAN: When he went back to work; we are very vague on that.

[DEFENDANT'S COUNSEL]: Your Honor, may we approach the bench?

THE COURT: All right.

—Bench Conference—

[DEFENDANT'S COUNSEL]: I think we are going to have a problem as far as when he went back to work. I think they are going to have to rely on their recollection on that.

[PLAINTIFF'S COUNSEL]: He testified to when he returned to work, and he was cross-examined.

THE COURT: He said about November. I don't care if it's by stipulation or read back.

[DEFENDANT'S COUNSEL]: I don't think they should be given that testimony without the complete cross-examination in that area.

THE COURT: Well, let's take a recess.

—End of Bench Conference—

THE COURT: I will have the court reporter look this up, and you will be recalled to the courtroom as soon as she can find it."

Although certain questions and answers were then read to the jury, the "complete cross-examination in that area" was not. Was this error? Absent an abuse of judicial discretion (of which none is here shown), the request of the appellants must yield to the mandate of the presiding Justice. *State v. Saucier,* Me., 385 A.2d 44, 47–48 (1978); *State v. MacDonald,* Me., 382 A.2d 553, 554 (1978); *State v. Vallee,* 137 Me. 311, 19 A.2d 429 (1941).

This point is without merit.

## III

■ Finally, we find no reason to reject the jury's damage award. The facts would justify the conclusion that the plaintiff incurred over $2,200.00 in medical expense and approximately $3,500.00 in lost wages. Physically, the plaintiff received a fracture of his nose and "of the 7th, 8th, 9th ribs on the left." He endured considerable pain and suffering for an extended period. As we said in *McMann v. Reliable Furniture Co.,* 153 Me. 383, 395, 140 A.2d 736, 743

---

1. "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

2. *See* 387 A.2d at 19 n. 10.

(1958): "The review of the facts which the jury was authorized to adopt fails to make the verdict appear clearly excessive."

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., did not sit.