### JAMES W. HALL

#### *v.*

### JACKSON COUNTY.

*Filed at Mt. Vernon, June 14, 1880.*

1. PRACTICE—*admitting evidence under counts other than those under which it was offered.* The declaration in a suit to recover upon certain county orders contained special counts, and also the common counts. The court upon the trial refused to allow the orders to be read under the special counts, but permitted them to be read under the common counts. It was not material to inquire whether there was error in rejecting the evidence when offered under the special counts. The evidence was before the court, so the plaintiff was not prejudiced by any ruling in that regard.

2. PAROL EVIDENCE—*as to authority given by county board to issue order on county treasurer.* Except in cases where payment of money out of a county treasury is specifically authorized by law to be made, no money or funds can properly be paid out unless upon an order of the county board, and in such case the order of the county board can only be shown by the record. Parol evidence is not admissible for such purpose.

3. So, in an action against a county to recover upon an order on the county treasurer, the order bearing interest upon its face, it was held incompetent to prove by parol that the county board directed the order to be issued with the interest clause.

4. INTEREST *upon county orders—whether allowable.* It is not within the powers of a county board to allow or pay interest on common county orders issued for current county expenses.

5. ESTOPPEL—*as to promise by county to pay interest.* Where a county order drawn upon the county treasurer contains a clause for the payment of interest, it appearing the order was issued for current expenses and for interest upon prior orders given also for current expenses, the county is not estopped to set up the plea of *ultra vires* in respect of the interest so provided for.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Jackson county, the Hon. M. C. CRAWFORD, Judge, presiding.

Mr. A. R. PUGH, for the appellant:

In the light of authorities, in the absence of an express prohibition, counties have the right to make *original* contracts to pay interest, and to evidence that contract by its warrants. *City of Galena* v. *Corwith,* 48 Ill. 423.

And if it is admitted that corporations, like counties, have the right to enter into contracts which involve the payment of money, and have the power, as is asserted in the cases of *Madison County* v. *Bartlett,* 1 Scam. 67, *County of Pike* v. *Hosford,* 11 Ill. 170, and *City of Galena* v. *Corwith,* 48 id. 423, to make original contracts to pay interest, then the presumption of law would be that this was a legitimate contract, and an original undertaking to pay interest, and this presumption will prevail until the contrary would be shown, which has not been done in this case.

It can not be contradicted that the county authorities have the right to issue county warrants. This power is expressly given to them by statute.

Does the insertion of the word interest, etc., make them

void? Interest is an incident to all indebtedness. *McConnel* v. *Thomas*, 2 Scam. 313.

Counties have the power to enter into contracts—to contract and be contracted with. Gross' Statutes, chap. 34, secs. 24 and 30.

The presumption is that these orders were regularly issued and according to the command of the county board, as they appear and were countersigned by the county treasurer. See Gross' Stat. 1869, chap. 26, sec. 31; also, see Rev. Stat. 1874, chap. 36, secs. 7 and 8.

And the fact that this board afterwards paid interest on the same is evidence complete that the original contract was, that in consideration of forbearance they would pay interest.

The appellee also says the county records introduced failed to show that the clerk was authorized to issue interest bearing orders. The presumption must be that the clerk and treasurer acted according to their instructions. But this is not all. Appellant in this case introduced as a witness a member of the county court to prove the county clerk's authority, which was objected to by appellee and the objection sustained by the court and excepted to by appellant, and it now comes with bad grace to say these orders were only to be "ordinary warrants."

That this evidence was proper to show what was the original contract, when the records fail to disclose it, we cite *County of Vermilion* v. *Knight*, 1 Scam. 97.

Besides all this, there is no plea of *nul tiel record* filed by appellee, and in order to deny that these orders were to be interest bearing orders, such fact should be put in issue specially.

We respectfully submit that the court erred when, by its decision, it allowed the appellee credits in reduction of the amount due on these orders of certain sums which were paid as interest.

Granting, for the time being, that the county of Jackson exceeded its power when it issued these orders as interest

bearing, it was only an irregular exercise of power at most, and therefore voidable—not altogether void—as it can not be denied it had the power to issue the orders without the insertion of the words "bearing interest at the rate of ten per cent per annum." This being so, we insist that each subsequent payment of interest was a ratification, at least, of the payment of interest, and binding to that extent, and which it had the right to cease doing at any time it saw proper. *Clark* v. *Board of Supervisors of Hancock County*, 27 Ill. 310 and 311.

It has never been denied that these payments were made voluntarily, and where payments of money are made under a misapprehension of the law, without compulsion and without fraud, it can not be recovered back. 5 Gilm. 517.

We protest against the doctrine that the sums paid as interest on these orders under a mistake of the law or misapprehension of the legal effect of the contract, can now be changed, and applied as payments upon the original indebtedness *pro tanto*, even though the contract is *in fieri*. *Goltra et al.* v. *Sansack et al.* 53 Ill. 456; *Sibert* v. *McAvoy*, 15 id. 109; Pomeroy on Contracts, secs. 232–233, p. 316–317.

Mr. WILLIAM A. LEMMA, State's attorney, and Mr. W. W. BARR, for the appellee:

If the court can see that an erroneous ruling of the court below has worked no injury to the party appealing, such ruling is no ground for the reversal of the judgment. *Coursen* v. *Ely*, 38 Ill. 339; *Pratt* v. *Tucker*, 67 id. 346; *Milliken* v. *Jones*, 77 id. 373.

Did the county authorities of Jackson county have power to issue these interest bearing orders?

Counties are involuntary political organizations, created by general statute to aid in the administration of the government. The statute confers upon them all the powers they possess, prescribes all the duties which they owe, and imposes

all the liabilities to which they are subject. *Soper* v. *Henry County*, 26 Iowa, 264.

Counties are involuntary political or civil divisions of the State, created by general law. The county, the school district, the road district, are purely auxiliaries of the State. Considered with respect to the limited number of their corporate powers they rank low down in the scale of corporate existence, and hence have been frequently termed *quasi* corporations. 1 Dillon on Municipal Corporations, sec. 10.

We insist that the county court had no power to issue a warrant bearing interest. To make the order or warrant bear interest presupposed that it would not be paid upon demand, and was a method of funding the outstanding debts of the county in a manner not authorized by law. See *Whitewell* v. *Pulaski County*, reported in 2 Dillon's Circuit Court Repts. p. 251; *Britton* v. *Police Jury*, 15 Wall. 566; *The County of Hardin* v. *McFarlan*, 82 Ill. 138.

Appellant says that appellee is estopped from setting up *ultra vires*,—a position that, in our opinion, can not be maintained by authority. A corporation is not estopped after a warrant upon its treasury has been issued to set up the defence of *ultra vires*. 1 Dillon on Municipal Corporations, sec. 412.

County orders are liable to equities in hands of holders. 1 Dill. on Munic. Cor. sec. 406.

Invalid contract is no estoppel. Herman's Law of Estoppel, sec. 224.

It could not be ratified by act of the county board. Nothing less than the action of the electors in their corporate capacity would amount to a ratification. *Taylor* v. *The District Township of Wayne*, 25 Iowa, 447.

Can the interest paid on these orders be deducted from the principal? We believe by the analogies of the law the deduction was properly made, if it was illegal to contract for interest, and we instance the contracting for and taking of usurious interest. While, if usurious interest is voluntarily paid, it can not be recovered back, yet if the matter is

unsettled and suit is brought, the illegal interest, though paid, may be deducted from the principal. "So long as any part of the original debt remains unpaid, though evidenced by a new note, with new parties as securities, the principal debtor may insist that all payments of usurious interest shall be deducted from the principal of the new note." *Mitchell* v. *Lyman et al.* 77 Ill. 526; *Saylor* v. *Daniels*, 37 id. 377; *Sanner* v. *Smith*, 89 id. 124.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant sued appellee, in assumpsit, in the circuit court of Jackson county, to recover the amount claimed to be due on the following county orders:

STATE OF ILLINOIS,  } ·Adjourned December County Court
JACKSON COUNTY.    }        Term, 1871.

*Treasurer of said County:*

Pay James W. Hall, or bearer, $1592.52, for making collector's book, and interest on the following county orders: Nos. 5048, 4966, 3597, 4950, 125, and 3598, with ten per cent interest from January 2, 1872, out of moneys in the treasury not otherwise appropriated.

JAMES W. HALL, *County Clerk.*

No. 443.   Countersigned by GILL J. BURR, *Treasurer.*

STATE OF ILLINOIS,  }  $586.75.   January Term, 1873, Board
JACKSON COUNTY.    }                of Supervisors.

*Treasurer of said County:*

Pay James W. Hall, or bearer, $586.75, for official services, and bearing interest at the rate of ten per cent per annum, out of moneys in the treasury not otherwise appropriated.

JAMES W. HALL, *County Clerk.*

No. 526.   Countersigned by GILL J. BURR, *Treasurer.*

Judgment was rendered by the circuit court in favor of appellant for $1074.31.   From that judgment an appeal was prosecuted by the present appellant to the Appellate Court

for the Fourth District. That court reversed the judgment of the circuit court, and rendered judgment there in favor of the appellant for $1174.22, and this judgment being still unsatisfactory to appellant, he brings the present appeal.

The declaration contained four special counts and the common counts. Objection is urged because the circuit court refused to allow the orders to be read in evidence, under the special counts. This we think unimportant, since the court permitted them to be read in evidence under the common counts. Whether the court admitted them in evidence, as the counsel say, as evidence of an account stated only, and not as orders, it appears that in one way or the other appellant got his whole case before the court, and so was not prejudiced by any ruling in that regard.

Appellant, after reading in evidence the orders in controversy, also read in evidence certain orders of the county court of Jackson county, authorizing them to be issued. He then called one Abel C. Davis, and proved by him that he was a member of the county court of Jackson county at the time of the allowance of the claim, and the issuing of the order No. 443 for the sum of $1592.52, and proposed to prove by him that the county court ordered the county clerk to issue an order of this amount, to be interest bearing. But the counsel for appellee objected to the introduction of such evidence, and the court sustained the objection, to which appellant then excepted, and he now insists that this ruling was erroneous, and refers to *County of Vermilion* v. *Knight*, 1 Scam. 97, *Washington County* v. *Parlier*, 5 Gilm. 232, *Ryan* v. *Dunlap*, 17 Ill. 40, and *Bartlett et al.* v. *Board of Education*, 59 id. 364. This is a misapprehension. Those cases related to contracts which it was competent for the board to make by parol, and of which it was not indispensable that a record should be made.

But it is provided by sec. 8, chap. 36, Rev. Stat. 1874, p. 324: "The county treasurer shall not countersign any county order before the same is filled up, nor until he shall have ex-

amined the *records of the county board, and ascertained that the issuing of such order is warranted thereby.*" And sec. 9 of the same chapter is this: "No money or funds shall be paid out of any county treasury except in accordance with an order of the county board, or where payment is specifically authorized by law to be made."

It is not pretended these orders are such whereof payment is specifically authorized by law to be made, and so, necessarily, they must be authorized by an order of the county board, which can only be shown by the record. The evidence was very clearly properly excluded. The clause promising to pay interest on these orders was entirely unauthorized by any order of the county court, as disclosed by the records, and to that extent they were null and void.

A considerable portion of these orders is made up of interest on other orders, and it was conceded as a fact, upon the hearing, that certain sums had been paid by the county and credited on these orders as interest, so that, deducting the interest paid, and also the interest added in and made a part of the principal sum of these orders, the judgment of the Appellate Court is confessedly as large as it ought to be. And the only question, therefore, that remains to be noticed is, was it competent for the county court to allow or pay interest on common county orders issued for current county expenses? This has been settled in the negative, by *Hardin County* v. *McFarlan,* 82 Ill. 138, and we perceive no necessity for reopening the question.

There is no assignee, here, before maturity to be protected, and the case is totally unlike those referred to by counsel, where it has been held that a corporation will be estopped to set up the plea of *ultra vires.* Without saying that those cases can have no application to counties, it is sufficient to say they can have no application to the facts of the present case. The county has not here borrowed money, which it retains and refuses to pay, nor in any other respect obtained

that which it could not have obtained had its want of power in the respect here urged been made known.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*