| 100 | 379 |
| 209 | 156 |
| 209 | 169 |

## The County of Jackson

*v.*

## Maston Rendleman.

*Filed at Springfield September 30, 1881.*

Interest-bearing county orders—*of the power to issue them.* A county board having authority to contract for the repair of its court house and the building of fire proof safes, without restriction as to the amount it shall pay or the mode of payment, may contract to pay for the same in interest-bearing orders upon the county treasurer, and such orders will be valid and the interest collectible.

APPEAL from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Jackson county; the Hon. O. A. HARKER, Judge, presiding.

This was an action of assumpsit, brought to the December term of the Jackson circuit court, upon a county order issued by the county board of Jackson county to Isaac Rapp, dated December 24, 1877, and assigned to the plaintiff.

A jury was waived and the cause tried by the court, who rendered judgment for $500, refusing to allow interest upon the order. The Appellate Court, on appeal by the plaintiff, reversed that judgment and remanded the cause, with directions to enter judgment for the plaintiff and against the county, with interest at ten per cent from the date of the order. The county brings the case here, presenting the question whether upon the facts presented by the record it is liable for the interest on the order.

Mr. W. A. SCHWARTZ, for the appellant:

1. The statute confers upon counties all the powers they possess, prescribes all the duties which they owe, and imposes all the liabilities to which they are subject. *Loper* v. *Henry County,* 26 Iowa, 264; 1 Dillon on Mun. Corp. sec. 10.

2. There was no statute in force when this order was issued giving the county court any power to issue an interest-bearing order. *Hardin County* v. *McFarlan,* 82 Ill. 138; *Hall* v. *Jackson County,* 95 id. 352; *Britton* v. *Police Jury,* 15 Wall. 566; *Whitewell* v. *Pulaski County,* 2 Dillon's C. C. 251.

3. The county is not estopped from setting up the defence of *ultra vires.* 1 Dillon on Mun. Corp. secs. 412, 406; Herman's Law of Estoppel, sec. 224; *Taylor* v. *District Township of Wayne,* 25 Iowa, 447.

4. The statute giving interest does not apply to counties. *Madison County* v. *Bartlett,* 1 Scam. 67; *Pike County* v. *Hosford,* 11 Ill. 170.

Mr. ANDREW D. DUFF, for the appellee:

The cases of *Madison County* v. *Bartlett*, 1 Scam. 67, and *Pike County* v. *Hosford*, 11 Ill. 170, only decide that counties are not chargeable with interest on their contracts in the absence of any express agreement to pay interest. To the same effect is *City of Pekin* v. *Reynolds*, 31 Ill. 530; *City of Chicago* v. *People, etc.* 56 id. 328.

A county may, by its unfair conduct, become liable for interest, even in the absence of a promise to pay it. *LaSalle County* v. *Simmons*, 5 Gilm. 573; Dillon on Mun. Corp. sec. 414, and notes.

This case is unlike that of a county issuing interest-bearing orders in discharge of its legal liabilities or current expenses, where no element of contract enters into the obligation or liability to pay.

The powers of counties to contract are more express and much broader under the present law than under the old statute. Section 4, chap. 74, entitled "Interest," expressly names corporations as being authorized to contract for the payment of interest, while no such provision is to be found in the Revised Statutes of 1845.

Again, under the present law, counties have express power "to make all contracts, and do all other acts in relation to the property and concerns of the county, necessary to the exercise of their corporate powers,"—(third clause, sec. 24, chap. 34, Rev. Stat. 1874,)—while the only express power given counties to make contracts prior to 1874, was confined to the simple object of purchasing lots for and building court houses and jails thereon. Secs. 35, 36, chap 27, Rev. Stat. 1845.

Independently of the capacity of the county to make such promise in ordinary transactions, we insist it is estopped from relying on this defence upon the facts shown in this record. A party is always concluded from denying the validity of his acts, which were expressly designed to influence the conduct of another, and which did so influence it,

and when such denial will operate to the injury of the latter. *Welland Canal Co.* v. *Hathaway*, 8 Wend. 483; *Kinnear* v. *Mackey*, 85 Ill. 98.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit upon a county order issued by the board of county commissioners of Jackson county to Isaac Rapp, December 24, 1877. The order was drawn for the sum of $500, "for work done on court house, as per contract," payable "with interest at ten per cent per annum, payable annually." The circuit court rendered judgment for the plaintiff in the sum of $500, refusing to allow interest upon the order. On appeal to the Appellate Court for the Fourth District the judgment was reversed and the cause remanded, and on petition of the defendant the court granted an appeal to this court, making the requisite certificate.

The facts, as shown by the record, are, that about the first of June, 1877, the county board, having determined on certain repairs on the court house of the county, including the building of two fire-proof vaults, caused notices to be published in a number of newspapers that sealed proposals for doing the work would be received by them until the 22d of that month; that the plans and specifications of the work were on file in the county clerk's office, and that the work would be paid for in county orders of the county, bearing interest at the rate of ten per cent per annum. On June 22, on opening the numerous bids sent in under the notices, Isaac Rapp was found to be the lowest bidder, his bid being $10,850. The board then awarded him the contract, on condition of his filing a bond, etc. On July 2 the board again met, and approved Rapp's bond, and unconditionally awarded him the contract for that sum, to be paid in the orders of the county, bearing interest at the rate of ten per cent per annum, and entered the same of record. The work was

done, and the orders issued accordingly, of which the order in suit was one, which was duly assigned to the plaintiff. Rapp testified, that if the county had proposed to pay for the work in common county orders, he would not have under-taken the work at any price, and that no one would have done the work for less than $6000 or $7000 more than the contract price; that common county orders were then worth about sixty cents to the dollar, while these interest-bearing orders could be "handled" at ninety cents.

The liability of the county to pay interest on the order is the only question made upon the record.

By section 26, page 307, Rev. Stat. 1874, it is made the duty of the county board of each county, "to erect or other-wise provide, when necessary and the finances of the county will justify it, and keep in repair, a suitable court house," etc., and "to provide and keep in repair, when the finances of the county permit, suitable fire-proof safes" for the county offices. By section 24, page 306, counties are given the power "to make all contracts and do all other acts in rela-tion to the property and concerns of the county necessary to the exercise of their corporate powers."

In *County of Hardin* v. *McFarlan*, 82 Ill. 141, which was an action to recover the interest at ten per cent per annum on certain bonds which had been issued by the county of Hardin, this court said: "We fail to discover in any statute in force when these bonds were issued, any power in the sev-eral county courts to issue interest-bearing orders, and we are satisfied no such power existed. The county court could exercise no discretion in this matter,—it was controlled by positive law."

But this language is to be taken with reference to the par-ticular case in which it was used. The county of Hardin, there, had taken up an amount of preëxisting indebtedness, common non-interest-bearing county orders, and issued to

the holders in lieu thereof the bonds there involved, payable with ten per cent interest per annum. There was at the time a law in force entitled, "An act to enable counties owing debts to liquidate the same,"—the mode being by the levy of a special tax. And in *Hall* v. *Jackson County*, 95 Ill. 352, it was held that it was not within the powers of a county board to allow or pay interest on common county orders issued for current county expenses, referring to the *County of Hardin* case as so deciding.

The present is unlike the cases cited. The orders here were not issued for some prior indebtedness which had been incurred with no reference to being paid by interest-bearing orders, but they, with their interest clause, were the contract price which had been agreed to be paid for work afterwards to be performed.

The county board certainly had authority to contract for the repair of the court house and building the fire-proof vaults, and there being no restriction of law as to the amount of the price they should pay or its mode of payment, we do not see why it was not open to them to contract to pay in interest-bearing orders, as well as in non-interest-bearing orders. There is no prohibition against counties issuing interest-bearing orders, and this court has never decided that counties had no power, under any circumstances, to make a valid contract for the payment of interest. The cases cited above are the extent to which it has gone in that direction. The interest clause in the orders here was a part of the contract price of the work. It was under the agreement that the orders should bear ten per cent interest that the work was contracted to be done, and was performed. The interest provision regulated the amount of the price bid, and contracted to be taken, for the work. With such provision the county has got the work done at a less price than it would have done without it. The work has been done as it was contracted to be performed, and the contract price should be

paid as it was contracted to be paid.   We see no legal obstacle in the way of its being done.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WALKER:   I am unable to concur in the judgment in this case.