THE PEOPLE OF THE STATE OF ILLINOIS, for use, etc.

*v.*

JOHN REA *et al.*

*Opinion filed June 21, 1900.*

185   633
s84a 504

1. SCHOOLS—*what necessary to make school officers liable for money paid out.* In order that school officers shall be pecuniarily responsible, under section 11 of article 15 of the general School law, for failure to perform duties required by statute, there must be a loss by the school fund, resulting from such omission of duty.

2. SAME—*when school directors are not liable for expenditure.* School directors are not personally liable for a reasonable sum of money expended by them for necessary water supply for the school, even though they have proceeded illegally in acting without an order of the board of directors adopted at any meeting, since the school fund has in that case sustained no "loss" within the meaning of the statute, the transaction being one which might have been originally authorized or subsequently ratified at a board meeting.

*Rea v. People*, 84 Ill. App. 504, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding.

LEMMON & MCMAHAN, D. MACK & SON, and W. D. HIBBARD, for appellants:

No business can be done by school directors except at a regular or special meeting. Any business not done at such regular or special meeting, or any contract so entered into by the directors when not assembled according to law, is void and cannot be enforced. Starr & Cur. Stat. chap. 122, art. 5, secs. 17, 18; *Lawrence* v. *Traner*, 136 Ill. 474; *People* v. *Smith*, 149 id. 549; *Railroad Co.* v. *People*, 171 id. 544; *School Directors* v. *Jennings*, 10 Ill. App. 643; *Pollard* v. *School District*, 65 id. 105; *People* v. *Frost*, 32 id. 242; *School Directors* v. *Sprague*, 78 id. 390; 21 Am. & Eng. Ency. of Law, 834; *Andrew* v. *School District*, 37 Minn. 96; *Currie* v. *School District*, 35 id. 163; *Doyle* v. *Gill*, 96 Wis. 518; *People* v. *Peters*, 4 Neb. 254; Bateman's Common School Decisions, p. 128, par. 139.

The powers of school directors are limited to those expressly granted. If they exceed those powers or do an act prohibited by law their action is void. *Stevenson* v. *School Directors*, 87 Ill. 255; *Stanhope* v. *School Directors*, 42 Ill. App. 570; *Wells* v. *People*, 71 Ill. 532.

Since the contract was void and entirely unauthorized by any legal authority, it could not be and was not ratified either by the district or by the directors. *Wells* v. *People*, 71 Ill. 532; *School Directors* v. *Fogleman*, 76 id. 189; *Glidden* v. *Hopkins*, 47 id. 525; 21 Am. & Eng. Ency. of Law, 834, 835; *Currie* v. *School District*, 35 Minn. 163; *Andrews* v. *School District*, 37 id. 96; *Honey Creek School* v. *Barnes*, 119 Ind. 213; *Kane* v. *School District*, 52 Wis. 502; *Johnson* v. *School District*, 67 Mo. 319; Dillon on Mun. Corp. sec. 464; *School Furniture Co.* v. *School District*, 50 Kan. 727; *McCortle* v. *Bates*, 29 Ohio St. 418; *Davis* v. *School*, 24 Me. 347.

The contract made for the well was entirely void and without authority of law, and no recovery could have been had upon the same against the district by the person performing the services. The district was in no sense liable for the same, and therefore the work could not be

paid from the school fund. If the two school directors drew an order for that for which the district was not liable in any sense, there was a perversion of the school fund of the district and the amount paid was a loss to the district, and the directors became liable for spending the public money in violation of law under the following statute and decisions: *Wahl* v. *School Directors,* 78 Ill. App. 403; Starr & Cur. Stat. chap. 122, art 15, sec. 11; *Moore* v. *Fessenbeck,* 88 Ill. 422.

SCOFIELD, O'HARRA & SCOFIELD, and BERRY BROS. & McCRORY, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

A judgment was rendered against the appellees before a justice of the peace of Hancock county for $15.70 for moneys which it is claimed appellees, as directors of school district No. 3, township 6, north, range 7, west, in said county, illegally paid out of the school funds of said district for the digging and walling up of a well on the school grounds, for the use of the school. At the conclusion of the evidence on the trial in the circuit court, where the case was taken on appeal, the judge instructed the jury to find the issues for the plaintiffs and to fix the damages at $15.70. The jury returned their verdict as directed and judgment was entered accordingly. On appeal the Appellate Court reversed the judgment without remanding the cause, and, having granted a certificate of importance, the People took this appeal to this court.

The appellees and W. T. Whitcomb were the school directors, and the evidence shows that the well was dug and walled by the direction of appellees, as two of the directors, for the amount mentioned, without the order of the board of directors entered at any general or special meeting, and without any action respecting the matter having been taken by the directors, as a body, at any meeting. The money was paid out of the moneys of the

district upon the order signed by appellees, one as president and the other as director, and the suit was brought on behalf of the district to recover the amount from them. It was proved, and not controverted, that the well was necessary for water supply to the school and that the amount paid was reasonable, and the Appellate Court made a special finding of facts to that effect, and also found that the cost of the well was a proper charge upon the funds of the district, and that the district sustained no loss by reason of the acts of appellees or of their fail-·ure to comply with the statute.

The sections of the School law under which it is claimed the appellees are liable are as follows (Hurd's Stat. 1897):

137. "The clerk of such board of directors shall keep, a record of all the official acts of the board, in a well bound book provided for that purpose, which record shall be signed by the president and clerk.

138. "The board of directors shall hold regular meetings at such times as they may designate; and they may hold special meetings as occasion may require, at the call. of the president or any two members.

139. "No official business shall be transacted by the board except at a regular or special meeting.

285. "County superintendents, trustees of schools, directors and township treasurers, or either of them, or any other officer having charge of school funds or property, shall be pecuniarily responsible for all losses sustained by any county, township or school fund, by reason of any failure on his or their part to perform the duties required of him or them by the provisions of this act; or by any rule or regulation authorized to be made by the provisions of this act; and each and every one of the officers aforesaid shall be liable for any such loss sustained, as aforesaid, and the amount of such loss may be recovered in a civil action brought in any court having jurisdiction thereof, at the suit of the State of Illinois,

for the use of the county, township or fund injured; the amount of the judgment obtained in such suit shall, when collected, be paid to the proper officer for the benefit of said county, township or fund injured."

The question is thus presented as a matter of law, under the peremptory instruction given to the jury, whether, under the facts as settled, the school fund of the district sustained any loss, within the meaning of the statute, by reason of the failure of appellees, as such school directors, to comply with its provisions in the manner of procuring a necessary work to be done for the district at a cost which was reasonable.

It is contended on behalf of the district that the directors had no power to have this work done and to pay for it out of the funds of the district without proceedings taken in the manner provided by the statute, and that, the two directors having proceeded illegally, the district was not liable to pay for the work, and that so much of its moneys as were paid out for the same were lost to the district. It is undoubtedly true that these two directors, proceeding as they did, had no power to bind the district by any contract they might make. The statute expressly provides that no official business shall be transacted by the board of directors except at a regular or special meeting, and it necessarily follows that the contract which they made could not have been enforced by any one. Neither the district nor the contractor was bound by it. Still, it was not *ultra vires* the corporation. The directors of the district not only had the power, but it was their duty, to provide a proper water supply for the school, and sufficient of the funds of the district might have been lawfully applied for the purpose. Such supply of water was procured and a reasonable and necessary amount of such funds was expended to procure it, and the illegality in the transaction was in the methods pursued and not in the subject matter of the contract. There certainly was a failure on the part of these directors to comply

with the statute, but even if it were held that they were liable to removal from office under section 33 of article 5 of the School act, it would not follow that they are liable in this action under the sections of the statute above set out. In order to render them so liable, their failure to comply with the statute must have resulted in a loss to the school fund, as provided in paragraph 285. But can it be correctly said that there was a loss to the fund when only a reasonable amount of the fund was paid for a well which was necessary, and which, consequently, it was the duty of the directors to provide? It is the loss to the district resulting from their violation of the statute for which they are to be held pecuniarily responsible, and not simply the infraction of the statute in matters of procedure without loss to the district. The statute, so far as it is penal, must, like all such statutes, be strictly construed, and should not be extended to cases not clearly within its provisions.

Counsel for appellants cite cases involving contracts made by school directors for the hiring of teachers who had not procured the necessary certificates of qualification, and insist that the case at bar must be governed by the same principles. We see a marked distinction. By the express provisions of the statute the directors are forbidden to pay any public money to a teacher who does not hold the necessary certificate, and any moneys so expended would, by the plain meaning of the statute, be lost to the school fund, for the reason that such fund could not be used for such a purpose. But in the case at bar the contract was one that might have been ratified by the directors proceeding as required by the statute. If it had been ratified, no one would claim that the amount expended would have been lost to the district.

It is said, however, that whether the well was necessary or not was a question to be decided by the directors at a regular or special meeting, where each had the right to be heard, and where the question, after proper

consideration, would be decided by a majority, and that the defendants cannot proceed illegally and then shield themselves from liability by proving that the work was necessary and the cost reasonable. This contention is more plausible than sound, for, while it was the duty of the directors to determine whether or not such a well was necessary, their decision in the premises would not conclude the courts where it is shown that the necessity in fact existed. The fact that it was necessary and the cost reasonable is established in this case, and the finding is conclusive upon this court. Such fact could not, of course, shield appellees from any liability which the statute has fixed for the violation of its provisions, but it is important in determining whether or not the particular liability sued for,—that is, the alleged loss to the district,—has any existence or arose from the illegal action of the defendants. While such officers should be held to a careful compliance with the laws, there must, under the provisions of the statute in question, be a loss before there can be a recovery against them.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*