## National Bank of Decatur, Appellant, v. Board of Education of Decatur School District, Appellee.

1.  SCHOOLS AND SCHOOL DISTRICTS, § 118*—*inapplicability of statute as to orders for payment of teachers' wages to district organized under special act.*  Section 81 of the General School Act (J. & A. ¶ 10102), relating to orders for the payment of teachers' wages, has no application to a school district organized under a special act.

2.  SCHOOLS AND SCHOOL DISTRICTS, § 111*—*when special act provides ample means for borrowing money for teachers' salaries.*  The special act under which the defendant school district was organized, *held* to provide ample means for borrowing money for general school purposes, including teachers' salaries, although such salaries were not specifically mentioned therein.

3.  MUNICIPAL CORPORATIONS, § 60*—*when speak through records and documents.*  A municipal corporation, as a general rule, speaks only through its records and properly executed documents.

4.  MUNICIPAL CORPORATIONS, § 159*—*when officer cannot bind by contract.*  No person, committee or officer of a municipal corporation can bind it by contract unless he or they are expressly authorized to do so or the power to do so is necessarily implied from the powers expressly given.

5.  MUNICIPAL CORPORATIONS, § 159*—*what is source of authority of officers to bind by contract.*  Authority of a person, committee or officer of a municipal corporation to bind it by contract must be given by statute or by the corporation acting within its powers, and in the manner prescribed by law.

6.  EVIDENCE, § 116*—*when authority of officer must be shown by record.*  When authority is given by a municipal corporation to any person, committee or officer to bind it by contract, such fact can only be shown by the record of the corporation.

7.  SCHOOLS AND SCHOOL DISTRICTS, § 87*—*when contract by officer must be ratified by majority vote of members of controlling board.*  When a contract is made by any person, committee or officer acting for a school district under its authority, such contract when made under such authority must be ratified by a majority vote of the members of the controlling board of such district.

8.  EVIDENCE, § 116*—*what is method of proof of ratification by controlling board by vote of contract of officer.*  The vote of the members of the controlling board of a municipal corporation ratify-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ing a contract made under its authority by any person, committee or officer of such corporation acting for it in making such contract can only be shown by the record of the corporation.

9. EVIDENCE, § 116*—*when ratification of contract by officer for borrowing money must be proved by records.* Where a contract entered into by a municipal corporation acting by any person, committee or officer under its authority is of the character of a contract for borrowing money for the payment of teachers' salaries, there is no exception to the rule that such authority to make and a ratification of such contract can only be shown by the records of the corporation.

10. STATUTES, § 226*—*when construed as controlling.* When a statute provides how a thing shall be done it excludes all other means.

11. SCHOOLS AND SCHOOL DISTRICTS, § 143*—*when declaration in action against district to recover money borrowed is insufficient.* Where a declaration, in an action by a bank against a school district to recover money borrowed for the payment of teachers' salaries, with interest thereon, alleged that the defendant school district, organized under a special act, had adopted' the provisions of the general law in regard to the payment of teachers and had made a contract to borrow money and to pay interest thereon for payment of certain salaries, *held* that neither the adoption by defendant of the general school law nor the making by it of such contract was well pleaded.

12. MUNICIPAL CORPORATIONS, § 164*—*when contract to pay interest on money advanced is illegal.* A contract of a municipal corporation to pay interest for money advanced by others to the holders of its outstanding, noninterest-bearing obligations cannot lawfully be made.

13. SCHOOLS AND SCHOOL DISTRICTS, § 143*—*when declaration averring existence of contract of district to pay interest on borrowed money insufficient.* An averment in a declaration of a contract by a school municipal corporation to pay interest on money borrowed by it to pay teachers' salaries, *held* to be insufficient to show any legal obligation on such corporation, because it set up a verbal contract with such corporation and did not show who talked for the corporation or that, whoever it was, had any authority so to do, or that his acts were legally ratified.

14. PLEADING, § 38*—*when taken most strongly against pleader.* Where a declaration set up a certain contract with a municipal corporation, without averring whether it was written or oral and without filing any copy of any contract, *held* that the pleading must

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

be taken most strongly against the pleader, and such contract would be presumed to be oral.

15. TRIAL, § 68*—*when objection to offer of proof properly sustained.* In an action to recover money advanced to a school district to pay teachers' salaries, where the plaintiff offered to prove that the defendant corporation had no money to pay its teachers; that it therefore agreed with plaintiff for plaintiff to advance money to pay defendant's orders for payment of its teachers' salaries; that defendant had issued a certain order for such payment and plaintiff had advanced the money therefor under such prior agreement, and that defendant had agreed to pay interest on such money, *held* that objection to such offer of proof was properly sustained, as the offer did not show how or by whom such proof was to be made, nor how, when, or by whom such agreement was made, as it was a verbal agreement, as stipulated, as it was not stated who the agent, committee or officer was who acted for the corporation in making such agreement, and as there was no offer to prove that at any meeting of the school board any one was authorized to make any contract with plaintiff.

16. EVIDENCE, § 116*—*when oral evidence as to actions of school board at meeting admissible.* Oral proof of the actions of a school board at a regular or called meeting at which all members were present, or had opportunity to be present, is admissible in evidence after it is shown that no record of such meeting existed.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

REDMON, HOGAN & REDMON and McCULLOUGH & WIERMAN, for appellants.

VAIL, MILLER & POGUE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee is organized under a special act of the Legislature of the State of Illinois passed in 1865 and is acting under that law.

Appellant, a banking corporation, brought this suit to recover sixty dollars which it gave to one Carrie Jordan for an order which appellee gave to her on

January 29, 1915, on its treasurer for that amount, to pay her for her services as a school teacher, and interest thereon at the rate of five per cent. Appellee does not deny that it owes the sixty dollars and after this suit was brought it tendered to appellant that amount together with all costs made up to that time, and upon the tender being refused brought the same into court, but it does deny that it is liable for interest.

A demurrer to three special counts on the declaration, one of them being designated as an additional count, was sustained and appellant stood by those counts. The case was tried by the court without a jury on the common counts and a plea of the general issue. The court found that appellee was not liable for interest and entered judgment against appellant for costs subsequent to the tender. The bank appeals.

The first of the three counts to which the demurrer was sustained places appellant's right to recover on the theory that section 81 of the General School Act of Illinois (J. & A. ¶ 10102) is in force in appellee school district. If that section is there in force, then appellant is undoubtedly entitled to interest because the steps pointed out in that section, which, if followed, would make appellee liable for interest, are shown by this count to have been followed in this case.

That section is part of the general act which is complete in itself. Section 51 of that Act (J. & A. ¶ 10072) provides that districts existing under special acts may adopt the general act and how it may be done. There are some sections in that act so worded as to apply to all school districts whether operating under the general act or under a special law. Other sections of it have been held so to apply. There is no pretense that any attempt has ever been made by appellee district to adopt the general school law. Section 81 does not purport to apply to any school district that has not adopted the general act, nor has it ever been held in any court to apply to districts acting under special

laws, and section 276 (J. & A. ¶ 10314) of the general law provides that this act "shall not be construed so as to repeal or change in any respect any special act, in relation to schools." The special act under which appellee is operating contains ample means for borrowing money for general school purposes, which unquestionably includes teachers' salaries, although such salaries are not specifically and in express terms mentioned therein. *Franklin County v. Layman*, 145 Ill. 138. No reason is apparent justifying a holding that section 81 of the General School Act applies to appellee.

The second special count to which demurrer was sustained was drafted on the theory that appellee had contracted to pay interest. This count after averring that appellee was operating schools and hiring teachers, and that it had no funds in the treasury, avers that for the purpose of making the necessary provisions for continuing said schools in operation it did adopt as a rule for carrying their duties into effect the provisions of the general act above referred to in regard to the payment of teachers, and did then and there pursuant to the law as in said act provided "issue the order in question"; that it was afterwards presented to the treasurer of appellee and marked: "Presented this Feby. 1, 1915, and not paid for want of funds," and that appellee did then and there agree with the plaintiff that the plaintiff should cash said order for said teacher and that defendant would pay the said order to the plaintiff with interest thereon at the rate of five per cent. per annum from the time said order was presented to its treasurer until such time as the treasurer had the money with which said order could be legally paid. The transfer of the order to appellant and the fact that the treasurer then had money in his hands with which the same could be paid and his refusal to pay is averred.

The amended or third special count is substantially the same as the second special count as to the contract made with appellant to take up the order in question, except that it is averred that the contract was made before the order was issued, and that it applied to orders issued to other teachers as well as Miss Jordan.

In considering the sufficiency of these counts it must be kept in mind that appellee is a municipal corporation and that as a general proposition it speaks only through its records and properly executed documents, and that no person, committee or officer of such a corporation can bind it by contract, unless he or they are expressly authorized to do so, or the power to do so is necessarily implied from the powers expressly given, and that such authority must be given by statute or by the corporation, acting within its powers and in the manner provided by law. It must also be remembered that when authority to make a contract is given by such a corporation, that fact can only be shown by the record, and the contract when made under such authority must be ratified by a majority vote of the members of the controlling board of such corporation, which vote can only be shown by the record of the corporation. We know of no exception to that general rule where the contract to be entered into is of the character of the one before us.

It is said in "Cyc." vol. 35, page 958:

"The power of a school board or committee to enter into contracts on behalf of the school district must be exercised by them as boards and not as individuals; and hence it is necessary, in order that such a contract may be binding, that it be authorized or executed at a board meeting regularly adjourned to, or regularly called, at which all the members of the board are present or have had notice to be present * * *. In accordance with these rules a contract is not binding on the district, if it is executed by members of the board acting separately and individually and not as a

body convened for the transaction of business, although it is actually executed by a majority of the board * * * nor will the ratification of such a contract by the individual members make the contract valid and binding.''

The averment in the second special count, to the effect that appellee adopted as a rule for carrying these duties into effect the provisions of the general law in regard to the payment of teachers, means nothing as to the legal rights or abilities of appellant. In the first place the act under which appellee was operating provided how money to pay its teachers could be obtained, and when a statute provides how a thing shall be done it excludes all other means. That principle applies here doubly, for not only does the special act provide how the directors can raise money, but section 51 of the General School Act provides how that act may be adopted. If appellee did do as the averment charges, it was not acting within the provisions of either the special act or the general law.

The averments in the second special and the additional or third special counts to the effect that appellee contracted with appellant to pay the teacher's salary orders when issued, together with the accrued interest thereon, is no better. Assuming that the making of such a contract was well pleaded, which it is not, it would violate the same rule, for in making it neither the special character nor the general law would be followed. It would be a contract appellee would have no power to make and could not be compelled to perform.

The averment is further faulty in that it sets up a contract of a municipal corporation to pay interest for money advanced by others to the holders of its outstanding, noninterest-bearing obligations. Such a contract as that cannot lawfully be made. *Hardin County v. McFarlan,* 82 Ill. 141; *Locke v. Davison,* 111 Ill. 19. In the case of *Jackson County v. Rendleman,* 100 Ill. 379, the Supreme Court sustained a contract for the

64　　Appellate Courts of Illinois.

Nat'l Bank of Decatur v. Board of Education, 205 Ill. App. 57.

payment of interest for the reason that a contract which the interest-bearing warrants were issued to liquidate bore interest.

That averment is further insufficient to show a legal obligation because it sets up a verbal contract with a municipal corporation and does not show who talked for the corporation, or that whoever it was had any authority whatever so to do, or that his acts were ever legally ratified. See citation from 35 Cyc. 958, already quoted.

That it was a verbal contract that is referred to in the second and third special counts is shown by the counts themselves, for it is not averred that it was in writing, neither is any copy of any written contract filed with the declaration. Under the rule that all pleadings must be taken most strongly against the pleader, it must be presumed that the contract is an oral one. More than that, during the trial of the case on the common counts and general issue, it was stipulated that there was no written contract and that there was no record of any oral one or of any action of the board in relation to any contract, oral or written. Neither is there any averment in any of the counts that the board ever in fact held a meeting at which any action in relation to making the contract averred was taken or considered, or any authority given to any one to enter any such contract or at which any such contract was ever ratified.

Clearly no legal liability was averred in either of the three special counts mentioned.

At the trial an offer to prove certain things was made by appellant and was objected to by appellee and the objection was sustained. Among the things which appellant then offered to prove, and now claims it should have been allowed to prove, is the following:

"The plaintiff now offers to prove that in the month of January, 1915, the defendant had no moneys in its

treasury with which to pay its teachers for services; that it entered into an agreement prior to that time with the National bank of Decatur to advance moneys to pay orders issued by the defendant to its teachers for services rendered in the school for the wages; that the defendant did issue the order described in the declaration in this case, and that the plaintiff advanced the money to take up the order by its agreement with the defendant; that the defendant prior to that time agreed with the plaintiff to pay interest to the plaintiff on the moneys advanced by it from time to time to pay its teachers, and at such times as the defendant had no moneys in the treasury with which to pay its teachers.''

The objection to the offer was properly sustained. The offer does not show how or by whom the proof offered was to be made. It does not show how, when or by whom the ''agreement was made.'' That it was not in writing appeared from the stipulation before referred to. It is not stated in the offer who the agent, committee or officer was who acted for the district in the making of the ''agreement.'' There is no offer to prove that at any meeting of the board of education at any time, any one was authorized to make a contract with appellant about anything, or that the subject of a contract with appellant concerning the taking up of teachers' salary orders was ever spoken of or considered in any meeting of the board. Conceding for the moment that an oral agreement made by some one acting for appellee would be binding if he had been properly authorized to make it, that authority would necessarily come from an action of the board at a regular or called meeting at which all the members were present or had an opportunity to be present. If such a meeting was had and such authority was given, then oral proof of what was there done would likely be admissible in evidence after it was shown that no record of such a meeting existed. *Vermilion County v. Knight*, 2 Ill. 97; *Franklin County v. Layman*, 145 Ill. 138;

*School Directors v. Kimmel,* 31 Ill. App. 537; *Bartlett v. Board of Education,* 59 Ill. 364; *School District v. Clark,* 90 Mich. 435.

The offer is loose and uncertain and abounds in conclusions. It should have been a statement of the facts appellant proposed to prove by which the conclusions reached by it would be established.

Other defects in the offer might be mentioned, but it is not necessary.

What has been said disposes of all the questions argued. The conclusions reached by the Circuit Court were undoubtedly correct, and its judgment is affirmed.

*Judgment affirmed.*