DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1919.

---

### J. W. Crawford, Plaintiff in Error, v. Board of Education District No. 88, Defendant in Error.

1.  SCHOOLS AND SCHOOL DISTRICTS, § 148*—*when contract of employment as superintendent invalid.* Under Rev. St. ch. 122, sec. 111 (J. & A. ¶ 10132), providing that no official business shall be transacted by school directors except at a regular or special meeting, a contract of employment as superintendent of schools was invalid, where it was admitted that it was signed by four members of the board at their several places of abode or business some time after the meeting at which it was claimed plaintiff was elected.

2.  EVIDENCE, § 111*—*what is only competent evidence of what transpires at school board meeting.* In an action against a board of education upon a school principal's contract, plaintiff's offer to prove by the testimony of one of the members of the board that he and three other members voted for plaintiff's employment at a stated meeting and that plaintiff then and there accepted the employment, was properly refused, because the records of the board were the only competent evidence as to what transpired at meetings of the board.

Error to the Circuit Court of Franklin county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the March term, 1919. Affirmed. Opinion filed November 7, 1919.

W. H. HART and R. E. SMITH, for plaintiff in error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(198)

J. P. MOONEYHAM, W. P. SEEBER and ROY C. MARTIN, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

J. W. Crawford, a school teacher, plaintiff in error, hereinafter called plaintiff, brought an action in assumpsit against the Board of Education of School District No. 88, Franklin county, Illinois, defendant in error, hereinafter called defendant, in the Circuit Court of Franklin county, to recover 8 months' salary as principal and superintendent of schools at $125 a month, for the term beginning September 4, 1917.

The declaration consists of three counts. The first is based upon an alleged written contract, the second is a combination of the common counts and the third is based upon an alleged employment at a regular meeting of the board of education, by four members thereof. The defendant pleaded the general issue and before the trial began it was stipulated by the parties that under the declaration and the general issue all evidence might be offered by either party to the same extent as could be offered under any and all special pleas well pleaded.

The alleged employment was at a regular meeting of the board of education on April 23, 1917. In July, 1917, five members of the board of education resigned and those vacancies were filled by a special election at which five new members were elected. At a meeting of the board on August 13, 1917, a resolution was passed directing the secretary to write plaintiff and ask for his resignation, which was done, but plaintiff did not comply with the request. At a meeting on September 4, 1917, a resolution was passed by the board to the effect that the service of plaintiff in error was not needed. Plaintiff was not permitted to teach, seems not to have secured other employment and claims the amount he would have received had he

taught the school for the full time. Defendant questioned the validity of the alleged contract of employment and also sought to justify its attempt to remove the plaintiff and its refusal to permit him to teach on the grounds that he had, during school hours of the previous year, frequented saloons and drunk intoxicating liquors therein and had failed to turn over money raised to purchase a flag. The case was tried with a jury and the issues were found for the defendant. A motion for a new trial was denied and the cause afterward brought to this court on writ of error.

Together with other documentary evidence the plaintiff offered in evidence the alleged contract and same was admitted. It named the parties, recites the qualifications of the plaintiff and his undertakings, the time school is to begin, the length of the term, the salary, how payable, the undertakings of the defendant, and provides that plaintiff may be dismissed by the defendant or its successors for incompetency, cruelty, negligence, immorality or for violating any of the stipulations of the contract, or in case his certificate is revoked, and that the plaintiff cannot recover compensation after dismissal or revocation of his certificate. Section 127, ch. 122, Rev. St. (J. & A. ¶ 10148) provides that a board of education shall have all the powers of school directors and be subject to the same limitations. Section 111, ch. 122, Rev. St. (J. & A. ¶ 10132) provides that the directors shall hold regular meetings and that special meetings may be called and that no official business shall be transacted by the directors except at a regular or special meeting. To hold the alleged contract valid in this case would do violence to the provision of the statute last quoted, as it is admitted that it was signed by the four members of the board of education at their several places of abode or business some time after the meeting of April 23, 1917, at which it is claimed plaintiff was elected. It was to correct the practice of a

board of education attempting to transact business at other than a regular or special meeting that the statute cited was enacted. *Lawrence v. Traner*, 136 Ill. 474.

"The power of a school board or committee to enter into contracts on behalf of the school district must be exercised by them as boards and not as individuals; and hence it is necessary, in order that such a contract may be binding, that it be authorized or executed at a board meeting regularly adjourned to, or regularly called, at which all the members of the board are present or have had notice to be present * * *. In accordance with these rules a contract is not binding on the district, if it is executed by members of the board acting separately and individually and not as a body convened for the transaction of business, although it is actually executed by a majority of the board * * * nor will the ratification of such a contract by the individual members make the contract valid and binding." *National Bank of Decatur v. Board of Education*, 205 Ill. App. 57, quoting approvingly from 35 Cyc. 958. That principle is also recognized in *People v. Rea*, 185 Ill. 633. Section 112, ch. 122, Rev. St. (J. & A. ¶ 10133) requires that the clerk shall keep in a punctual, orderly and reliable manner a record of the official acts of the board, and that on all questions involving the expenditure of money, the yeas and nays shall be taken and entered on the records of the proceedings. Together with other documentary evidence the defendant offered in evidence the record of its meeting of April 23, 1917. It was the first meeting of the board of education and shows that five members were present. That portion of the minutes concerning the employment of plaintiff is as follows: "Motion by Johnson & sec. by Davis to employ J. W. Crawford as our next Principal of Schools at $125. per Mo. Votes 3 yes & 1 No. * * * Approved apr. 27-17. J. Lovelace."

Plaintiff offered to prove by each of four members

202     Appellate Courts of Illinois.

Crawford v. Board of Education District No. 88, 215 Ill. App. 198.

of the board of education that he, together with the other three members of the board, voted for the employment of plaintiff in error at the meeting of April 23, 1917, and that plaintiff then and there accepted the employment, which oral testimony the court refused to admit. While there is some authority tending to support the claim of plaintiff that this testimony should have been admitted, the better and generally conceded rule is that laid down by our Supreme Court in *People v. Board of Sup'rs of Madison County*, 125 Ill. 334, as follows: "Where the law requires records to be kept, they are the only lawful evidence of the action to which they refer, and such record cannot be contradicted or supplemented by parol. The whole policy of the law would be defeated if they could rest partly in writing and partly in parol. * * * And where school districts are required by law to keep such an account of their proceedings by a sworn clerk, such proceedings can only be proved by the record."

Defendant is a municipal corporation and can speak only through its records and properly executed documents. The four members of the board of education, who signed the alleged contract at their several homes or places of business, did not bind the defendant because they were not legally authorized so to do. *National Bank of Decatur v. Board of Education, supra*. The court properly excluded the oral testimony offered to explain the action of the board of education at its meeting of April 23, 1917. In the view which we take of this case, it is not necessary for us to determine whether or not defendant had reasons to exercise, or did properly exercise, the power given a board of education under paragraph 3, sec. 115, and paragraph 9, sec. 127, ch. 122, Rev. St. [J. & A. ¶¶ 10136(3), 10148(9)].

On this record plaintiff is not entitled in law to recover and the judgment of the Circuit Court is affirmed.

*Affirmed.*